Wheelock v. The State.

WILLIAM H. WHEELOCK v. THE STATE.

Differences between the meaning of the term "outhouse" in the laws of burglary, and in our Statute against gaming. The term outhouse, in our Statute against gaming, is used in its ordinary and popular occupation, as meaning any house standing out and apart from houses occupied and used as dwelling houses or business houses—an unoccupied dwelling house.

See this case for testimony which was held sufficient to sustain an indictment for playing cards at an outhouse, where people resort.

Where the transcript contains a copy of a document, in proper place, commencing "The Court charges the jury, &c.," but it was not signed by the Judge, or otherwise specially authenticated, this Court refused to consider it.

Appeal from Robertson. Indictment for playing cards "at "a certain outhouse to which people then and there resorted, "said outhouse being then and there a public place." The

testimony was that witness saw defendant in September, 1854, playing cards for money, in an unoccupied dwelling house, situated in a secluded part of the town of Wheelock; some six persons were present; this was the only time that witness knew of card playing in that house; witness never was there before; went to see W. H. Wheelock. Besides the five persons in the game, witness could not say but that another game was going on at the same time. "No proof was made that the house was frequented."

The Court, at the request of the defendant, charged the jury, that if they believed from the evidence, that the place where the card playing was charged, was not a public place, they should acquit the defendant; and that a few citizens assembled at any given place at one time, will not make a place public, but it must be a common resort for the community. ·

Preceding this charge, the transcript contained the following:

(Style of the case.) The Court charges the jury that if a number of persons go to an outhouse but once, for the purpose of playing cards, it becomes a place where card playing is prohibited by the Statute.

But it did not otherwise appear that the same had been given.

Verdict of guilty. Motion for new trial overruled, &c.


*G. F. Moore*, for appellant. If the indictment can be regarded as one for either playing cards in " an outhouse where people resort " or in " a public place," the facts would not sustain it; for they are not as strong against the appellant in this case as in No. 402, (next but one, *infra*.—REPS.,) to my brief in which I respectfully refer the Court for my views of the law, and the authorities upon which I rely to sustain me in them.

*F. L. Barziza*, also, for appellant.

*Attorney General*, for appellee.

WHEELER, J.   In the law of burglary, an "out house is construed to be a part of the dwelling house or mansion, if it be so near the dwelling house, that it is used with it, as appurtenant thereto, though not within the same inclosure ; and hence it is defined to be a small house or building belonging to a mansion or dwelling house, and usually standing separate from or without it, and a small distance from it. (Whart. Am. Cr. L. tit. "Burglary," Bur. L. D. same title.)   This was the construction or definition adopted, in order to bring the breaking and entering of such outhouses within the definition and punishment of burglary ; which, at the Common Law, could not be committed by the breaking and entering of any other than the dwelling house.   To prevent the escape of offenders, all outhouses which could by any reasonable intendment be held to belong to and constitute a part of the dwelling house, were so deemed and held ; and hence the definition of an outhouse, in the law of burglary : it is a part of and is included under the term dwelling house.   By the phrase, "outhouse where people resort," in the Act to suppress gaming, we do not suppose the Legislature meant to use the term outhouse in this sense.   They surely did not mean a dwelling house, or any part of a dwelling house "where people resort."   It is more in consonance with the other provisions of the Act to suppose the expression was used in its ordinary and popular acceptation, as meaning any house standing out and apart from houses occupied and used as dwellings, or business houses.   In this sense it would include all unoccupied houses "where people resort," for gaming and other purposes ; and such houses we suppose were in the mind of the Legislature.

The evidence shows that several persons had resorted to the house in question for the purpose of gaming ; others appear to have been there, for what purpose does not appear.   The witness, it is true, speaks of having been but once at the house. But from the fact that so many persons were found to have resorted to the house for such a purpose at that time, we think the jury might well conclude that it was resorted to for a like

purpose at other times, and, in a word, that it was a house commonly resorted to for gaming purposes. This, we think, was the fair inference from the facts in evidence before the jury; and the evidence was sufficient to support the indictment for playing, within the prohibition of the Statute, (Hart. Dig. Art. 1464,) at "an outhouse where people resort." The present is unlike the case of Smith v. The State, (23 Ala. R. 39.) There the playing was not in any house, or place mentioned in the Statute; but was at a considerable distance from any house, in a secluded and secret spot, chosen for its secrecy; and was only resorted to by the parties concerned in playing, and by them only on the one occasion. The evidence excluded any inference or supposition that the place was one of resort for any purpose by other persons, or by the same persons on other occasions.

The Attorney General is probably mistaken in supposing the Court gave the charge copied in his brief. There is in the transcript what purports to be such a charge; but it is not signed by the Judge; nor is there any evidence in the record that it was given. It is not authenticated in any manner which entitles the subject matter of it to be revised or considered. The only question, properly presented by the record, for revision, is, whether there was evidence sufficient to warrant the verdict; and we are of opinion that there was. The judgment is therefore affirmed.

Judgment affirmed.