R. S. AND CLINTON VANWEY v. THE STATE.

41  639
34a 434
34a 590

1. DILIGENCE—WHEN NOT SUFFICIENT FOR CONTINUANCE.—A continuance was obtained at the fall term, 1873, for the testimony of a witness whose residence was unknown to the defendant. In February, 1874, attachment issued for him to Red River county, where defendant was "informed and believed he then resided." This was not served. On the 20th October, 1874, another application for continuance, stating diligence as above set forth, but failing to state that affiant knew where the witness then resided. *Held*, insufficient.

2. PRACTICE—WHEN OBJECTION TO A VERBAL CHARGE MUST BE MADE.—The objection to a verbal charge by the court, in a case of misdemeanor, comes too late when made for the first time in motion for new trial. An exception should be taken at the time.

APPEAL from Red River. Tried below before the Hon. John C. Easton.

*A. R. Mitchell,* for appellants.

*George Clark, Attorney General,* for the State.

ROBERTS, CHIEF JUSTICE.—Defendants seek to reverse the judgment upon three grounds contained in the motion for new trial, and also in their assignment of errors, to wit:

"1st. The court erred in overruling defendants' application for a continuance."

Defendants continued the case at the fall term, 1873, for the testimony of one Lawson, whose residence they did not then know. In February, 1874, they had an attachment issued for him to the sheriff of Red River county, where they were informed and believed he then resided, which was not served. On the 20th day of October they made another application for continuance, stating their diligence to procure the testimony of said witness to be the procurement of said attachment, without stating that they knew where the witness resided at that term of the court when the trial took place. There was not sufficient

diligence shown to procure the testimony of this witness, and the court did not err in so ruling.

"2d. The court erred in refusing to charge the jury in writing as required by law, and without the consent of defendants."

This objection appears only in the motion for new trial, and not by an exception taken at the time of the trial, as required by the code, in order to make it a ground of error. (Pas. Dig., arts. 3064, 3067.)

The judgment entry recites that the court charged the jury, and from that we must presume it to have been done, in a misdemeanor, in a legal manner, unless the contrary is made to appear by a bill of exceptions, or in some way other than in the motion for new trial filed by the defendant.

"3d. The verdict of the jury is contrary to the law and evidence."

The evidence fully supported the verdict, it being shown that other games than the game of billiards licensed by law were played on the billiard table kept by defendants, and that the amount of the table fees, twenty-five cents, for the game played thereon, was bet, which was paid to defendants, when those who played did not choose to take drinks or cigars. (Pas. Dig., art. 2050.)

The court did not err in overruling the motion for new trial.

Judgment affirmed.

AFFIRMED.