## W. Lindsay v. The State.

Transcript—Charge of the Court.—A paper copied into the transcript of a felony case, and purporting to be the charge of the court, but not signed by the judge, will not be recognized by this court as the charge of the court below.

Appeal from the District Court of Fayette.    Tried below before the Hon. L. W. Moore.

The charge was theft of a cow. The jury found the appellant guilty, and assessed his punishment at two years in the penitentiary.

*L. Lindsay*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

Winkler, J.   The paper embodied in the record, purporting to be the charge of the court, is not signed by the judge, nor does it bear the file-mark of the clerk.

In *Wheelock* v. *The State*, 15 Texas, 256, it was said: "There is in the transcript what purports to be such a charge, but it is not signed by the judge, nor is there any evidence in the record that it was given."

It is not authenticated in any manner which entitles the subject-matter to be revised or considered.

In *Melton* v. *The State* it was held that a charge signed by the judge would be a sufficient certifying under the provisions of the Code. The point in that case turned on the fact, apparent in the transcript, that the charge was signed by the judge.

A different rule has obtained in civil cases, but in criminal causes of the grade of felony the positive requirements of the statutes have in no case, so far as we are advised, been treated as otherwise than mandatory. The charge in such case must be written, distinctly setting forth the law applicable to the case as made by the evidence, and be signed by the judge, and must be given to the jury in the precise words in which it shall have been written. Pasc. Dig., Arts. 3059, 3062, 1464; *John Smith* v. *The State*, court of appeals, Tyler term, 1876, *ante* p. 408.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*