### D. FRANKLIN *v.* THE STATE.

1. NEW TRIAL.—The fact that a petit juror was one of the grand jurors who found the indictment, though good cause of challenge, is not good cause for new trial, when that fact was ascertainable by proper diligence, and no diligence was shown.

2. VERBAL CHARGE TO JURY.—In misdemeanor cases exception must be taken at the time to a charge given verbally. The objection comes too late after verdict.

APPEAL from the Criminal Court of Paris, county of Lamar. Tried below before the Hon. J. Q. CHENOWITH.

Hale & Scott, for the appellant.

H. H. Boone, Attorney General, and W. B. Dunham, for the State.

ECTOR, P. J. The court did not commit an error in refusing to grant a new trial because one of the jurors who tried this cause was a member of the grand jury who returned the bill of indictment. The fact that he was a member of the grand jury that found the bill of indictment did not render McFaden incompetent as a juror. It is a cause of challenge. The fact might have been ascertained by the use of proper diligence on the part of defendant and his counsel; and the motion does not disclose any effort to do so, and was properly overruled. *Rosebrough* v. *The State*, 43 Texas, 570; *Trueblood* v. *The State*, 1 Texas Ct. of App. 650.

The defendant seeks to reverse the judgment upon the ground contained in his 3d assignment of errors, and also in his motion for new trial, viz.: "The court erred in not charging the jury in writing, the defendant not consenting to a verbal charge."

In this case the defendant was indicted and convicted of an assault and battery. The judgment recites that the court charged the jury, and we will presume that this was done in a legal manner. The objection to a verbal charge comes too late when made for the first time on a motion for new trial. It should be excepted to at the time, to be ground of error. Pasc. Dig., Arts. 3064, 3067.

In the case of *Vanwey* v. *The State* the same point raised was decided by our supreme court; and the following extract is taken from the opinion of the court in that case:

"This objection appears only in the motion for new trial, and not by an exception taken at the time of the trial, as required by the Code, in order to make it a good ground of error.

"The judgment entry recites that the court charged the jury, and from that we must presume it to have been done, in a misdemeanor, in a legal manner, unless the contrary is

made to appear by a bill of exceptions, or in some way other than in the motion for new trial filed by the defendant.'' 41 Texas, 639.

The indictment is a good one, the evidence is abundantly sufficient to sustain the judgment, and there is nothing in this record to show that any injustice has been done the defendant.

The judgment of the lower court is, therefore, affirmed. *Affirmed.*