## S. D. LONG *v.* THE STATE.

1. CHARGE OF THE COURT. — Unless the transcript of a felony case shows that the charge of the court was signed by the judge and filed by the clerk, this court cannot recognize it as a charge, nor revise or consider it as such; and the conviction must be set aside for want of a charge to the jury.

2. STATEMENT OF FACTS. — An agreement between counsel that a statement of facts may be prepared and filed after the close of the term is futile. The law requires that the statement of facts be prepared during the term.

APPEAL from the District Court of Falls. Tried below before the Hon. L. C. ALEXANDER.

A former appeal of this case was dismissed at the Tyler term, 1877, because the notice of appeal was not "entered of record." See 3 Texas Ct. App. 321.

*W. B. Forde*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

Winkler, J. As illustrative of the inattention, not to use a harsher term, which is not unfrequently paid to the demands of the law, even in trials for felonies, we make, first, an extract from the brief of appellant's counsel; second, an extract from the brief of the assistant attorney-general, representing the State; and, third, an extract from the transcript.

1. Extract from appellant's brief:

"Trial at the September term, 1877, and defendant convicted; appeal to the Court of Appeals, Tyler term, 1877; appeal dismissed because notice of appeal did not appear of record. March term of the District Court of Falls County, 1878; judgment overruling motion for new trial, and notice of appeal to the Court of Appeals entered of record *nunc pro tunc*."

2. Extract from brief of the assistant attorney-general:

"Although appellant, by an order entered *nunc pro tunc*, has perfected his appeal, the State took no measures to have the charge of the court properly filed, and the record as here presented shows that the charges were not filed. I do not feel called upon to notice any of the points raised in the record, and respectfully decline to do so, because I cannot conscientiously ask an affirmance upon the record as presented."

3. Extract from the transcript, omitting names:

"In this case it is agreed between ——, county attor-

ney of Falls County, and ——, attorney for the defendant, S. D. Long, that the statement of facts may be made out by said attorneys, or, on their disagreement, by the presiding judge, at as early a day as practicable, and filed as of this day; and it is agreed that no exception will be taken on the hearing of said cause in the Court of Appeals, on account of the statement of facts not being written out, agreed upon, and certified by the presiding judge on or before the adjournment of said court, or on account of said statement of facts having been agreed to or certified on a day after that on which the court adjourned, or on account of its having been filed after the day on which the court adjourned, to wit, on the 27th day of September, 1877."

An assignment of errors purporting to have been filed on October 27, 1877, and before the amendment of the record as set out in the above extract from the appellant's brief, contains the following: " The defendant assigns for error that no charge was filed in this case in the court below." This might well have called the attention of the court and officers to the omission to file, and to the necessity of having the omission supplied, whilst the appellant was perfecting the record so far as his side of the case was concerned.

" The Code of Criminal Procedure requires of the judge, in trials of felony, to give to the jury a written charge, in which he shall distinctly set forth the law applicable to the particular case; and that the general charge given by the court, as well as those given or refused, shall be certified by the judge, and, in case of appeal, shall constitute a part of the record." Code Cr. Proc., arts. 594, 597 (Pasc. Dig., arts. 3059, 3062); *Smith* v. *The State*, 1 Texas Ct. App. 408. In that case the precise objection to the charge was that it was not *signed* by the judge.

The objection here is that the charge is not *filed* by the clerk. This precise question was considered by this court

in *Haynie* v. *The State*, decided at Tyler in 1877, reported at length in the *Texas Law Journal*, No. 16, p. 124, which see for the authorities upon which the ruling rests. 3 Texas Ct. App. 223. Since the decision in Haynie's case, it has been uniformly held that a charge not authenticated by the proper file-mark of the clerk cannot be treated as a part of the record for any purpose, and will require the reversal of the judgment, upon the idea that in order that a charge shall be considered as a charge, it must be authenticated in the manner prescribed by law, and because the Code, in the articles above cited, requires the charge in felony cases to be in writing and to be certified, and, on appeal, to be incorporated in the record as a part thereof; and this not being done, the court, on appeal, not being authorized to treat the document as a charge, cannot determine whether the conviction had was under proper instructions as to the law of the case or not.

In the case of *Wheelock* v. *The State*, 15 Texas, 256, cited in *Smith* v. *The State*, 1 Texas Ct. App. 408, Wheeler, J., speaking of a charge not signed, says: "The attorney-general is probably mistaken in supposing the court gave the charge copied in his brief. There is in the transcript what purports to be such a charge, but it is not signed by the judge, nor is there any evidence in the record that it was given. It is not authenticated in any manner which entitles the subject-matter of it to be revised or considered." This was a misdemeanor, and seems to have been treated as one not requiring a written charge; and, hence, the fact that the charge was not authenticated in any manner did not enter into the final determination of the case. Yet it is deemed sufficient to show that if a charge was of any importance, in order to entitle it to be considered on appeal, it is not sufficient that it be set out in the transcript, but it must be authenticated in some manner to entitle the subject-matter of it to be revised or considered. How should it be

authenticated for that purpose? We think, by the signature of the judge, and the proper file-mark of the clerk, with his signature, copied in the face of the transcript.

As to the agreement set out above, with reference to the statement of facts, we deem it only necessary to say, as was said in *Ferrell* v. *The State*, 2 Texas Ct. App. 399, "After the expiration of the term of the court at which the trial was had, the whole case passed beyond the control of the District Court, and it had no power over the subject of a statement of facts, which the law requires to be prepared during the term." See, also, the statute, which applies as well to criminal as civil causes. Pasc. Dig., arts. 1490, 3138. And the same rule has been applied in civil cases. *Piegzar* v. *Twohig*, 37 Texas, 225.

We do not consider there was anything intentionally improper in making the agreement — in fact, the moving inducement was the indisposition of one of the counsel in the case — but we purpose to call attention to the fact that a statement of facts, in any case, but especially in cases of felony, must be prepared during the term.

When a party has been convicted of crime, upon a proper indictment, for an offense against the law, in a court of competent jurisdiction, and when the legal rights of the accused have been properly guarded in the introduction of evidence, and in the application of the law to the evidence in charging the jury, and a conviction has been had upon a competency of legal evidence, before a legally constituted jury, this court would be required under the law to affirm the judgment. But when it is made to appear that any legal right of the accused has been violated, unless it be such right as the accused can be presumed to have waived, or be shown by the record to have been waived when such waiver is authorized by law, or where the irregularity would be cured by verdict, then this court, as the court of last resort in cases involving life or liberty, cannot do otherwise

than reverse such judgment, whatever the trouble and in-convenience — agreeably to the plain provisions of the Bill of Rights, which declares that " no citizen of this state shall be deprived of life, liberty, property, privileges, or immunities, or in any manner disfranchised, except by due course of the law of the land." Const., art. 1, sec. 19.

In *Sutton* v. *The State*, 41 Texas, 415, it was said : " In cases of felony, we are not restricted to the assignment of errors. If satisfied, from an examination of the record, that the accused has not been convicted according to law, the judgment must be set aside when the error is of such a character that it cannot be considered as waived by the defendant or cured by the judgment, although, as in the present case, neither exception, motion, nor assignment of errors is presented on behalf of appellant."

In *Bishop* v. *The State*, 43 Texas, 390, the same doctrine is held ; and, after reviewing the authorities at length, the opinion concludes as follows : " On both grounds of error, in charging substantially on the weight of evidence, excepted to at the time of the trial, and for a material deficiency in the charge, not objected to below, but apparent on the record, and deemed to be an error calculated to injure the rights of the defendant, the judgment is reversed and the cause remanded." No adjudicated case can be found which holds that the want of a proper charge has been held unimportant in a case of felony under the Texas Code.

In the present case, because there is not in the transcript any charge to the jury as to the law of the case, authenticated in such way as to entitle it to be considered, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*