## JOHN CARR *v.* THE STATE.

1. INDICTMENT. — Indictment charges that the defendant "did then and there pursue the occupation of selling spirituous liquors in quantities less than one quart, without first obtaining a license therefor, and has not since paid the tax on such occupation." *Held,* sufficient.

2. CHARGE OF THE COURT. — In misdemeanors the court below may, with the consent of the parties, give its charge verbally. The general charge given by the court, as well as those given or refused at the request of either party, shall be certified by the judge, and, in case of appeal, shall constitute a part of the record of the cause. When the charge is not signed and certified by the judge, the judgment will be set aside.

3. SAME. — Unless the record of a misdemeanor case discloses the charge of the court, this court will presume that none was given, or that the jury was instructed verbally by consent of the parties, and that, if the latter was the fact, the charge was correct.

APPEAL from the County Court of Robertson. Tried below before the Hon. J. J. KENDRICK, County Judge.

The opinion of the court sufficiently discloses the case.

*Oltorff & Preston*, and *Fulmore & Jackson*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WHITE, J. The indictment in this case charges that the defendant "did then and there pursue the occupation of selling spirituous liquors in quantities less than one quart, without first obtaining a license therefor, and has not since paid the tax on such occupation," etc.

A motion was made to quash the indictment, which was overruled, and this is one of the errors properly presented for revision. The charge is substantially in the language of the statute creating the offence. Gen. Laws 1875 (Fourteenth Legislature, 2d Sess.), p. 94. Similar indictments have been held good in the following cases, viz.: *Harris et*

*al.* v. *The State*, 4 Texas Ct. App. 131; *Languille* v. *The State*, 4 Texas Ct. App. 313; *Tonella* v. *The State*, 4 Texas Ct. App. 325; *Munch* v. *The State*, 3 Texas Ct. App. 552.

It is only necessary that we should notice one other error assigned and complained of, since that will dispose of the case upon this appeal. We find in the transcript a paper purporting to be the charge of the court, as given to the jury on the trial, but it is not signed or otherwise certified to by the judge.

The rules relative to charges in misdemeanor cases are as follows:

"In all criminal actions for misdemeanor, the court is not required to charge the jury, except at the request of counsel on either side; but, when so requested, shall give or refuse such charges, with or without modification, as are asked, in writing." Pasc. Dig., art. 3063.

"No verbal charge shall be given in any case whatever, except in cases of misdemeanor, and then only by consent of the parties." Pasc. Dig., art. 3064; *Chamberlain* v. *The State*, 2 Texas Ct. App. 451.

"When charges are asked, the judge shall read to the jury only such as he gives." Pasc. Dig., art. 3065.

"The general charge given by the court, as well as those given or refused at the request of either party, *shall be certified by the judge*, and, in case of appeal, constitute a part of the record of the cause." Pasc. Dig., art. 3062.

A departure from these rules is, by the express terms of Paschal's Digest, art. 3067, a specific ground for reversal, "provided that it appears by the record that the defendant excepted to the order or action of the court at the time of the trial." In this case the charge of the court was excepted to, and this specific objection is one of the errors assigned. The following authorities are cited upon the question: *Wheelock* v. *The State*, 15 Texas, 256; *Smith* v. *The State*, 1 Texas Ct. App. 408; *Vanwey* v. *The State*,

41 Texas, 639 ; *Franklin* v. *The State*, 2 Texas Ct. App. 8 ; *Killman* v. *The State*, 2 Texas Ct. App. 222 ; *West* v. *The State*, 2 Texas Ct. App. 209 ; *Hubbard* v. *The State*, 2 Texas Ct. App. 506 ; *Goode* v. *The State*, 2 Texas Ct. App. 520 ; *Long* v. *The State*, 4 Texas Ct. App. 81.

In a misdemeanor case, where no charge appears in the record, this court will presume that no charge, or a verbal charge, was given by consent of parties ; and if the latter, that the charge so given was correct.   *Bowden* v. *The State*, 2 Texas Ct. App. 56 ; *Newton* v. *The State*, 3 Texas Ct. App. 245.

Because the charge of the court was not signed or certified to by the judge, the judgment is reversed and cause remanded.

*Reversed and remanded.*