## F. M. Lawrence *v.* The State.

1. Election Law. — The "entire day" within which the "act regulating elections" makes it penal to sell, barter, or give away any liquor comprises the twenty-four hours of the day of the election, from midnight to midnight thereof, and not merely the portion of the day during which the polls are open.

2. Statement of Facts. — The approval and signature of the presiding judge are indispensable to render a statement of facts valid for any purpose whatever.

3. Same — Practice in this Court. —When no statement of facts is brought up in the record, this court cannot consider the applicability of the charge of the court below to the facts of the case.

4. Charge of the Court. — Verbal charges are expressly prohibited in all felonies, without exception, and in all misdemeanors except by consent of the parties. In a misdemeanor case, disregard of this provision is material error if exception thereto was duly reserved at the time.

Appeal from the County Court of Rains. Tried below before the Hon. E. P. Kearby, County Judge.

The case is disclosed in the opinion.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

White, P. J. Though inartistically drawn, the indictment in this case is believed to be sufficiently certain to charge defendant with a violation of the twenty-first section of the act of the 23d of August, 1876 (Gen. Laws 15th Leg., p. 310), prohibiting the sale, barter, or giving away of any vinous, spirituous, malt, or intoxicating liquor within the limits of the county within which an election for municipal, county, district, or State officers is being held, during the day thereof. This disposes of the first ground of the motion to quash. The second ground is not borne out by an inspection of the record.

The third ground presents a question which was settled by this court in the case of *Haines* v. *The State, ante,* p. 30, wherein it was held that the words "entire day," used in the statute, meant from midnight to midnight, and not that portion of the day during which the polls were open and the election was going on.

The fourth and fifth grounds are not sustained when we examine the indictment. No error was committed in overruling defendant's motion to quash.

A paper purporting to be a statement of the facts in evidence on the trial is copied into the transcript, but it is not signed or certified to by the judge. To be of any validity whatever, the statement of facts must be approved and signed by the judge. Pasc. Dig., arts. 3138, 1490 ; *Brooks* v. *The State,* 2 Texas Ct. App. 1 ; *Wakefield* v. *The State,* 3 Texas Ct. App. 39 ; *Gindrat* v. *The State,* 3 Texas Ct. App. 537 ; *Roberts* v. *The State,* 3 Texas Ct. App. 47 ; *Owens* v. *The State,* 5 Texas Ct. App. 153 ; *Carter* v. *The State,* 5 Texas Ct. App. 458. There being no statement of

facts in the case, we cannot consider any question raised with regard to the charge in its application to the facts.

There is, indeed, a bill of exceptions with regard to the charge, which, from the manner in which it comes up, is worthy of and entitled to notice, and which presents a matter fatal to the validity of the conviction. After retiring to deliberate upon their findings, the jury returned into court and announced that they wished further instructions; whereupon the court, over and against objections of the defendant interposed at the time, proceeded to charge and did charge the jury verbally upon the matters upon which they desired further information; and to which a bill of exceptions was duly saved. Such a charge is not alone unauthorized, but is directly prohibited by the statute. " No verbal charge shall be given in any case whatever, except in cases of misdemeanor; and then only by consent of parties." Pasc. Dig., art. 3065; Rev. Stats., Code Cr. Proc., art. 682; *Vanwey* v. *The State*, 41 Texas, 639; *Hobbs and Harris* v. *The State*, decided at the present term, *ante*, p. 117. *Carr* v. *The State*, 41 Texas, 543, is not analogous.

For this error in the charge of the court the judgment is reversed, and cause remanded for a new trial.

*Reversed and remanded.*