Cox, J.
Plaintiff seeks to reverse the judgment of the court below, for the reason that the verdict of the jury is not sustained by sufficient evidence, was given under the influence of passion and prejudice, and the damages awarded excessive; because the court did not reduce its charge to writing in compliance with the request of the defendant, and the charge as given was in violation of the statute in that behalf, and was not and could not be taken by the jury in their retirement.
Because the court erred in giving a so called special charge on behalf of plaintiff, which was not reduced to writing in compliance with the statute, and which stated the law erroneously.
Also in excluding evidence offered by defendant in receiving that offered by plaintiff and objected to by defendant.
As to the first alleged error, that the verdict was not sustained by sufficient evidence, .we are not satisfied that we have in the bill of exceptions all the evidence that was before the court and jury below.
*467 The action was brought by plaintiff to recover”damages for an injury sustained, as he claims, by reason of the negligence of the defendant. He claims that he was employed by defendant as a common laborer around its freight depot and yards at Cincinnati; and that he and other employes were ordered by the defendant through its agent and foreman, one Thomas Burke, to transfer certain heavy pieces of iron from one freight car to another; that to do safely as ordered and directed by said foreman, said defendant for the purpose of raising the iron from the bottom of the car, and supporting it while being raised, should have used strong bars of iron, or other sufficiently strong supports to sustain the weight of the iron while being raised, but instead, wrongfully, negligently and carelessly furnished, ordered and used insufficient pieces of board, which were inadequate, as defendant well knew, to support said iron while being raised; and while raising the iron, the boards broke, throwing the iron against plaintiff’s leg, tearing away the flesh, splitting the bone, dislocating the ankle, etc.
Defendant answering, admits that it is a corporation, and that defendant was in its employ, but denies every other allegation.
According to the testimony as it appears in the bill of exceptions, nine or ten men under the direction of the foreman of the company, Thomas Burke, were engaged in this transfer, and it was a matter of great importance in the determination of the case, to know the exact position of the parties engaged, the kind of boards or stays used to support the iron while being transferred, and the position in which they were placed.
These things were attempted to be explained by the different witnesses, but much of the explanation was by pantomime, or indicating with the hand or by a gesture, which as given in presence of the jury, would be understood by them, but which is not set out, and possibly could not be, in a written bill of exceptions, so that this court could know just what ideas the witnesses conveyed to the jury'by their manual indications.
But taking the evidence as we have it, we can not say that the verdict was against the manifest weight of it.
*468 It is claimed also by defendant, that the injury of plaintiff resulted from the negligence of his fellow servants in handling the iron, and putting too much weight on one part of the supports. But the jury must have found from the testimony, that the boards used for supports were provided by the foreman, and were insufficient for the purpose, and that all the men were acting under his direction and control when the injury occurred, and the injury was the result of his negligence in not furnishing props sufficient for the purpose, and we are not satisfied that their finding was wrong.
The principal question, and the one that was most strenuously argued, arises on the exception to the action of the court on the demand of defendant to have a written charge given to the jury.
It is claimed that there was a violation of the statute, and that the charge was not, and could not be taken by the jurors in their retirement. What is complained of, is the following action, as stated in the bill of exceptions : that “ in delivering said charge to the jury, the judge read certain pages prepared by him for this case, and also had before him a stenographic transcript of Judge Maxwell’s charge given by him to a jury on the former trial of this case, and the judge read to the jury various passages therefrom as a part of his charge, and all of which charge so read to and given to the jury by the court was taken down by the stenographer, and a transcript thereof, as above stated,is attached hereto. After the charge to the jury, the court enquired of counsel for the defendant whether he desired the charge to go to the jury. The counsel for defendant then consented that it need not go to the jury.”
Sec. 5190 Revised Statutes, paragraph 7, makes it the imperative duty of the court to reduce his charge to writing if either party before the argument request it, and a charge or instruction when so written and given, shall not be orally qualified, modified, or in any manner explained to the jury by the court; and all written charges and instructions shall be taken by the jurors in their retirement, and returned with the verdict into court, and shall remain on file with the papers in the case. Handy v. Turner, 9 Ohio St. 400; Householder v. Granby, 40 Ohio St. 430.
*469 In the latter case the court-had reduced part of his charge-to writing, and gave the rest orally, and the Supreme Court-Commission say “ such action cannot be justified.” “ The-language of the statute is imperative. The purpose of the statute was to secure a carefully considered charge from the court, free from misleading words which are sometimes found in unwritten charges, and to have it in such form that the jury can read it in their retirement, in case they have misapprehended its reading by the court.”
To the fact, as stated in the bill of exceptions, that the judge read his charge, partly from his own writing, and partly from a stenographic charge of another judge, we see no objection. It is not essential to the validity of a written charge-that the judge giving it should, himself, have written every part of it. He might write part, and adopt the charge of another judge in part, or whole; might incorporate extracts from law or other books : dictate the whole of it toan amanuensis before delivery, and read from his copy, 13 Arkansas Rep. 706, or have it printed and read -from slips. The main idea to be considered (whether it be in the handwriting of the judge oí in that of another) is, did the judge adopt it as his charge in the case, and was it (as is said, in 40 Ohio St. 431) “ in such form that the jury can read it, in their retirement, in case they have misapprehended during its reading by the court.”
Now, were the charges made up of different papers, disconnected, and not in such a form as the jury could properly read, we would be induced to hold, that as to its form, it did not meet the requirements of the statute. But this bill of exceptions states that “ the charge as so read to and given to the jury by the court was taken down by the stenographer, and a transcript is attached.” On examining the charge as attached, we find it in such form as that the jury might very well read it, and be able clearly to learn what the court intended to charge. The sentences and subjects are consecutive, connected; the sheets attached in form to each other, and it all appears as if composed and written by the same person. Whether the writing read by the court, to the jury was so attached that the *470 jury could read it in consecutive'order, as they could the stenographer’s report as attached to the bill of exceptions, we cannot say, but the bill of exceptions states that upon enquiry by the court as to whether his charge should be handed to the jury, the counsel for defendant replied that it need not.
Ramsey, Maxwell & Ramsey, for plaintiff in error.
Baker & Goodhue, for defendant in error.
As, then, the original charge was, by consent of defendant, not sent to the jury, and could not, therefore, be returned by them with the verdict, it is not on file with the papers, and the transcript of the stenographer supplies its place. As the defendant might have waived a written charge by the court, so, also, might he have waived any of the steps in giving said charge.
“ If a party shall sit by, and with a full knowledge that the statute is not being complied with, and fail to object, or except, to the method of charging, we do not think he can after-wards be heard ro complain of the same.” 15 Iowa, Rep. 235, 237; 41 Texas, 639.
In this case the only exception as to the manner of giving the charge is, that “ the court read exceptions from the stenographic transcript of Judge Maxwell’s charge at a former trial, .and from other papers,” to which we see no legal objection.
On examining the other exceptions, we are not satisfied ■that such errors intervened as were prejudicial to the defendant, and the judgment below should be affirmed — but without penalty.