## NUTE SOAPE v. THE STATE.

### No. 1918. Decided October 23, 1912.

**Gaming—Outhouse—Private Residence—Betting.**

   Where, upon trial of gaming, the evidence showed that the defendant played at a game of cards in an outhouse where people resorted, which was not the private residence where his family, or part thereof, resided, the conviction was sustained, and it was not necessary that anything of value was bet in said games. Article 551, Revised Penal Code.

Appeal from the County Court of Panola. Tried below before the Hon. W. R. Anderson.

Appeal from a conviction of unlawfully playing at a game of cards in an outhouse where people resorted; penalty, a fine of $10.

The opinion states the case.

*Brooke & Woolworth,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of gaming and given the lowest penalty, a $10 fine.

The complaint and information are made in two counts—the first charging that on November 9, 1911, appellant in said State and county did then and there unlawfully and not at a private residence, occupied by a family, play a game with cards. In the other it is charged that on the same date and place he did unlawfully play at a game with cards in an outhouse where people did then and there resort.

The evidence is uncontradicted. It shows that on said date appellant with two other persons played two or three games with cards; that the house at which it occurred was about 250 yards from the dwelling house where Hutto and his family lived but in the same inclosure. It was shown to be in Hutto's field, and between his dwelling house and this outhouse various crops were in cultivation; that in the outhouse where the games were played were sweet pota-

toes, cotton seed, goobers, plows and plow tools which were usually kept and with which said Hutto fed his stock and used for provisions for his family. This outhouse was kept closed but not locked. The family frequented the house to get provender for their stock and for their own use. No one slept in the outhouse and there was no furniture therein. Hutto and his wife at the time gave these parties permission to play these games of cards and both Hutto, his wife, and the witness who testified were present at the time but did not participate in the game. The witness never saw any other games played and so far as he knew no others were played. The appellant lived a half mile from this outhouse and the other two who were engaged in the game only about 250 yards from this outhouse. No betting was done on the games.

Appellant's only contention in the case is that the evidence was insufficient to sustain the verdict and that this outhouse was in law a part of the said Hutto's residence where his family lived.

The statute, Penal Code, article 548 (379) makes it an offense for any person to play at any game of cards in any outhouse where people resort. Also at any place, except a private residence occupied by a family. Article 550 (381) Penal Code expressly provides that it shall not be necessary for the State to prove that any money or article of value, or the representative of either, was bet at such game.

The evidence clearly establishes that the appellant was guilty under both of these provisions of the statute. The outhouse where the gaming occurred was not said Hutto's residence where his family resided, or any part of it, within the meaning of the gambling act. Wheelock v. State, 15 Texas, 253; Sisk v. State, 28 Texas Crim. App., 432.

The judgment is affirmed.

*Affirmed.*