## LANCINO v. SMITH et al.

No. 2043.   Decided November 3, 1909.   On Application for Rehearing January 4, 1910 (105 Pac. 914).

1. CONTINUANCE—SECOND CONTINUANCE—DISCRETION OF COURT. Under Comp. Laws 1907, section 3133, authorizing a continuance for the absence of evidence only on affidavit showing the materiality of the absent evidence, and the use of diligence to procure it, there is no abuse of discretion in refusing a second continuance on the mere oral statement of an attorney, who was in the office with defendants' attorneys, but not an attorney of record in the case, that the same grounds, which was the absence of one of defendants who was the principal witness, exist as existed when the former continuance was granted, and that it is impossible for such witness to be present. (Page 467.)

2. APPEAL AND ERROR—REVIEW—DISCRETION OF COURT—RULINGS ON MOTION FOR CONTINUANCE. The denial of a motion for a continuance for the absence of evidence will not be disturbed on appeal, in the absence of an abuse of the court's discretion. (Page 467.)

3. APPEAL AND ERROR—REVIEW—DISCRETION OF COURT—RULINGS ON MOTION FOR NEW TRIAL. In the absence of an abuse of discretion, the denial of a motion for a new trial will not be disturbed on review. (Page 468.)

APPEAL from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Action by John Lancino against Bert L. Smith and another.

Plaintiff had judgment against defendant Smith, from which, and an order denying a motion for new trial, said defendant appealed.

AFFIRMED.

*Dickson, Ellis, Ellis & Schulder* for appellant.

*Edwards, Smith & Price* for respondent.

FRICK, J.

The complaint in this action was filed in August, 1907, and the answer thereto in September following. On the 3d day of February, 1908, the case being regularly on the trial calendar, it was set to be tried on April 2, 1908. On the 31st day of March, by consent of the attorneys for both parties, the trial was postponed to April 10, 1908. At said time, when the case was again reached in its order, the attorneys for the defendants filed a motion, supported by an affidavit, to continue the case. The affidavit, which was made by one of the attorneys, in substance contained the following statement of facts: That the defendant Bert L. Smith lived in the state of Nevada, and that he knew nothing concerning the facts involved in the case; that the other defendant, Peter Porter, ever since the case was first set

down for trial has been and now is in Kansas City, Missouri, on important business; that for the three months immediately preceding said 10th day of April said Porter had been expected to come home to Salt Lake City, but was unexpectedly detained in said Kansas City, and that if it had been known to affiant that said Porter would not come home at or before the date the case was set down for trial his deposition would have been taken; that affiant was unable to state with any degree of accuracy the facts to which said Porter would testify, because the attorney making the affidavit did not have the case in charge, and was not conversant with the facts nor with what the witness knew concerning them; that the case was particularly in charge of his partner, who at the time, as affiant was informed and alleged, was in California with his sick child; that affiant was informed and believed that the defendants had a meritorious defense to the action; that they could not safely proceed to trial at that time, and that if they were compelled to proceed to trial "gross injustice would be done." Upon substantially the foregoing facts counsel asked that the case be continued "until some future date," when said Porter could be in attendance or his deposition could be taken. Upon the showing aforesaid the court postponed the trial to the 16th day of April following. On said day, when the case was again called for trial in its order, Mr. Buckle, who was in the office with defendants' attorneys, but not an attorney of record in the case, renewed the former motion to continue the case. In this connection Mr. Buckle said: "I will state that the same grounds exist today as existed at that time [when the original motion and affidavit were filed], and that we have telegraphed Mr. Porter at Kansas City, Missouri, and he answers that it is absolutely impossible for him to be here, and we ask for a continuance upon the grounds as stated in the affidavit of last week, and the further ground that it is impossible for the defendant Porter, who is the principal witness, to be here." Plaintiff's counsel resisted the motion, and the court said: "Of course the court cannot tell anything from that. There should be

a proper affidavit filed. A mere statement of that kind is not ground for a continuance. The motion for a continuance will be denied." When this ruling was made Mr. Buckle announced that defendants' attorneys desired to withdraw from the case, to which plaintiff's counsel objected "if the withdrawal will result in a continuance." The court announced that he would not permit counsel's withdrawal to have such an effect, and directed plaintiff's attorney to proceed with the trial of the case, which was done in the absence of both defendants. After hearing the evidence adduced by plaintiff, the court ordered the action dismissed as against the defendant Porter, but ordered judgment in plaintiff's favor for the amount claimed by him against Bert L. Smith. The defendant Smith, upon being informed of the judgment against him, employed the counsel who now appear for him, and who, in proper time, filed a motion to set aside the judgment entered against said Smith upon various grounds, the principal one of which is that the court erred in refusing to grant the continuance asked for on the 16th day of April, 1908, by the attorneys who then represented said Smith. The foregoing motion was supported by affidavits, in which all the foregoing facts, among others, are set forth. It is also made to appear in support of the motion to set aside the judgment that the plaintiff herein, in September, 1906, had commenced an action against the Cluster Mining Company, a corporation, and the defendant Bert L. Smith to recover judgment for the same claim for which judgment was rendered against the defendant Smith in this case. In said action it was shown that the Cluster Mining Company was the owner of the mining claim upon which plaintiff performed the labor for which he was seeking to recover payment, and that the defendant Smith was the lessee of said claim; that the court, after hearing the evidence in that case, sustained a motion for nonsuit in favor of said mining company, whereupon the plaintiff voluntarily dismissed the action as against the defendant Smith. The present action was commenced

36 Utah—30

some time after the first action had terminated as aforesaid. Evidence which was adduced by the parties upon the hearing of the former, as well as upon the hearing of the later case, is also made a part of the record on this appeal. The principal question, however, is, did the district court err in refusing to grant the continuance referred to, the other matters being merely incidental to that question?

All agree that error in this case can be predicated only upon an abuse of discretion by the court in refusing to grant the continuance asked for. Section 3133, Comp. Laws 1907, so far as material here, provides:

"A motion to postpone a trial on the ground of the absence of evidence can only be made upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it; . . . and upon terms, the court may, in its discretion, upon good cause shown, postpone a trial or proceeding upon other grounds than absence of evidence."

Were the provisions of this section sufficiently complied with so that in reviewing the action of the trial court we can say that the court abused the discretion vested in it with respect to the granting or refusal of a continuance? It will be observed that no affidavit was filed in support of the second motion to postpone the trial. All that was before the court was the statement of an attorney who, at the time, appeared for both of the defendants Smith and Porter, but who, in so far as the record discloses, was not an attorney of record in the case. The statement, therefore, so far as the record shows, was not even made by an attorney representing the parties and was not under oath. The former affidavit was made by an attorney of record. That affidavit had, however, spent its force, and if it was desired that it do double service it should, in justice to both the plaintiff and the court, at least have been supplemented by the oath of someone who knew, and stated that the conditions set forth in the affidavit continued the same as they were therein represented to be when it was filed. If this had been done the court would at least have had something tangible before it upon which it might have exercised its judgment whether

the diligence referred to in the statute had been used or
not to entitle the moving party to the postponement
of the trial asked for. The court seemed to enter-
tain the view, and we are not prepared to say that
it was wholly unjustified, that there was nothing before the
court to pass upon, and hence the only proper thing to do
was to proceed with the trial of the case. While it is true
that in view of the statute the court had the discretionary
power to postpone the trial upon other grounds, yet the
record in this case does not present a case where we can
say that the court clearly abused its discretion in not post-
poning the trial upon such other grounds. The right and
power to postpone trials for cause, and to regulate the
business of trial courts by the courts themselves so as to sub-
serve public as well as private interests, must, in the nature
of things, to a very large extent at least, be left to their
sound discretion. Taking this record as a sample, if,
judging from it alone, we were called upon to say whether
in our judgment the court should have granted a postpone-
ment of the trial in view of the facts disclosed, we might be
greatly inclined to the view that the court should have done
so; yet this is far from saying that we would be justified
in holding that the trial court abused the discretion vested
in it by law, and unless we can say that it is clear that it
did, then its judgment and not ours must prevail. Where
the ruling presented for review merely involves a question
whether the trial court disregarded or failed to correctly
interpret some statute or positive rule of law, we can
ordinarily readily determine whether the court
committed prejudicial error in the ruling complained
of or not; but where the ruling is one which involves the
duty of the trial court to exercise a sound discretion the
question presented is different. In the latter case we ought
not disturb the ruling of the trial court unless we are clearly
convinced that that court has abused the discretion with
which the law has vested it. In view of the entire record
we are not prepared to say that the district court abused
its discretion in refusing to postpone the trial of the case.

The alleged error that the court erred in not setting aside the judgment for the reasons assigned must fail for the same reasons that the assignment just passed upon failed. Whether, in view of all the circumstances, the court should have given the defendant Smith another opportunity to try the case upon its merits also involved matters which were addressed to the sound discretion of the trial court. Whether plaintiff should be paid by the Cluster Mining Company, or by Mr. Smith, or by anyone else for the work, which no one seems to dispute was done by plaintiff, was the real question in those cases. All the evidence adduced in both cases at both trials was before the court. In addition to this, defendants', as well as plaintiff's, affidavits with respect to any additional facts were also before the court. The court, in considering all the facts and circumstances before it, arrived at the conclusion that the judgment ought not to be set aside, and we are not prepared to say that any substantial right of the appellant has been invaded or disregarded.

It follows that the judgment should be, and it accordingly is, affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.

### ON APPLICATION FOR REHEARING.

FRICK, J.

Counsel for appellant, Bert L. Smith, have filed a petition for rehearing. They earnestly contend that the original opinion filed in this case is contrary to the decision in the case of *Utah Commercial Bank v. Trumbo*, 17 Utah 198, 53 Pac. 1033. In other words, they contend that the decision in the case at bar, in effect, overrules the former decision. If counsel are correct in this contention, then they are also correct in their statement that both decisions cannot stand, and the former should, in terms, be overruled or modified so that the bar might be advised of the state of the law in this jurisdiction in so far as the same is con-

trolled by the decision of this court upon the question in issue. At the time we wrote the opinion in this case we did not think the Trumbo Case was in point, because the facts in that case and those in the case at bar, and the grounds upon which the motions in the two cases were based, were entirely different. In the former case the defendant was in default for want of an answer. In the case at bar the principal question turned upon the refusal of the trial court to postpone the trial to some future time after the case had been at issue for months, and had been regularly set for trial at least twice before the application to continue was made, upon which the alleged error of the trial court is based. In the Trumbo Case the defendant was not within the state of Utah when the summons was served upon him by leaving a copy thereof at his usual place of residence. He never had an opportunity to advise counsel who appeared for him of the facts constituting his defense, and they were thus unable to file an answer to the cause of action set forth in the complaint. The defendant in that case was in a distant state, and not in a place where he could be communicated with by the ordinary and regular means of communication until after default had been entered and judgment taken against him. It was under such circumstances that this court held that the trial court had abused its discretion in refusing to set aside the default in that case. In that case there was no lack of diligence, either by the attorneys, or by the defendant. In the case at bar the trial court was justified in holding that neither the appellant, nor his attorneys, had shown due diligence, in view of the facts stated in the opinion. In the Trumbo Case both the defendant and the attorneys who attempted to appear for him were helpless, because they were unable to communicate with one another so as to prepare a defense. In this case there was ample opportunity to do so. The case was at issue, regularly set down for trial, and once postponed before the second application for postponement was made and denied. The second denial was based upon the ground that defendants' counsel had not shown due diligence. Under such

circumstances we cannot see any parallel between the Trumbo Case and the case at bar.

The application for rehearing is therefore denied.

STRAUP, C. J., and McCARTY, J., concur.