## VAN COTT et al. v. WALL.

No. 3274.    Decided Dec. 10, 1918.    On Application for Rehearing Jan.
22, 1919.    (178 Pac. 42.)

1. ATTORNEY AND CLIENT—ACTION FOR FEES—PLEADING.  Complaint
in attorney's action for fees *held* sufficient.    (Page 285.)

2. CONTINUANCE—DILIGENCE—EFFECT OF WITHDRAWAL OF ATTORNEY.
Where defendant's attorney had spent a week in preparing the case,
denial of continuance for defendant to procure other counsel to aid
him *held* not an abuse of discretion.[1]    (Page 285.)

3. CONTINUANCE—WITHDRAWAL OF ATTORNEY—"CEASE TO ACT AS
SUCH."  Trial court did not abuse its discretion in proceeding with
trial after defendant's counsel, at defendant's order, withdrew from
the case; for Comp. Laws 1907, section 119, providing that when an
attorney dies, or is removed or suspended, or "ceases to act as
such," the party employing him must, before further proceedings
are had against him, be required by written notice to appoint an-
other attorney or appear in person, does not apply where an at-
torney merely withdraws from the case, and does not wholly cease
the practice of law.    (Page 288.)

4. ATTORNEY AND CLIENT—DUTIES OF ATTORNEY.  While counsel repre-
sents clients, they are also officers of the court, and as such are al-
ways bound to aid in the orderly and expeditious administration
of justice, but they must not resort to strategy in courts of justice.
(Page 291.)

5. APPEAL AND  ERROR — HARMLESS ERROR — ORAL INSTRUCTIONS.
Though Comp. Laws 1907, section 3147, subd. 4, requiring written
instructions except on consent of both parties, is mandatory, yet
where the instructions are in the record on appeal, and they cor-
rectly state the law, and the objecting party is not prejudiced, the
error in giving oral instructions is not fatal.    (Page 292.)

6. APPEAL AND ERROR—NEW TRIAL—SCOPE OF REVIEW—ORAL IN-
STRUCTION.  Objection that instructions were given orally cannot
be raised for the first time on motion for new trial, nor can the
error be reviewed unless objection is made at the time the instruc-
tions are given, and an exception is duly taken.    (Page 293.)

7. APPEAL AND ERROR—OBJECTIONS IN LOWER COURT—ORAL INSTRUC-
TIONS.  Since under Comp. Laws 1907, section 3147, subd. 4, the
right of having written instructions may be waived, where a party
or his attorney voluntarily and without cause absent themselves

---

[1] *Lancino* v. *Smith*, 36 Utah, 462, 105 Pac. 914.

from the trial they cannot complain on appeal that the instructions were oral.   (Page 293.)

8. APPEAL AND ERROR—INVITED ERROR.  As a party may never avail himself of invited error, he cannot, to secure continuance, order his counsel to leave the courtroom, and afterwards complain· that instructions given were oral, and that such instructions were not assented· to by his counsel; for, had counsel been present, the error might have been avoided.  (Page 294.)

9. APPEAL AND ERROR—PRESERVATION OF EXCEPTIONS—VOLUNTARY ABSENCE FROM COURT.  Comp. Laws 1907, section 3283, making order or decision in the absence of party automatically excepted to, cannot be availed of by a party who, to secure continuance, voluntarily absented himself and ordered his counsel to withdraw from the case.  (Page 294.)

10. APPEAL AND ERROR—PRESERVATION OF EXCEPTIONS—VOLUNTARY ABSENCE FROM COURT—''ORDER OR DECISION.''  The giving of oral instructions to the jury is not an ''order or decision'' which is deemed excepted to by express provision of Comp. Laws 1907, section 3283.   (Page 294.)

On Application for Rehearing.

11. APPEAL AND ERROR—SCOPE—BRIEF.  Matters in the appellant's brief wholly outside of the record on appeal cannot be considered by the court for any purpose, since the power of review is strictly limited to the record on appeal.  (Page 296.)

12. APPEAL AND ERROR—SCOPE OF REVIEW—DENIAL OF CONTINUANCE. On appeal from an order denying a continuance, the court can only determine as a matter of law whether there has been an abuse of ·discretion, but cannot exercise original jurisdiction.  (Page 297.)

Appeal from the District Court of Salt Lake County, Third · District; *Hon. J. Louis Brown*, Judge.

Action by Waldemar Van Cott and others against Enos A. Wall.·

Judgment for plaintiffs.  Defendant appeals.

AFFIRMED.

*H. H. Henderson* for appellant.

*Bagley & Ashton* and *Howat, Marshall, Macmillan & Nebeker* for respondents.

FRICK, C. J.

The plaintiffs, as partners and attorneys at law, commenced this action to recover a balance that they alleged was due them as attorneys' fees for legal services rendered by them for the defendant at his request.

In view that it is seriously contended that the complaint is deficient in certain particulars, we here insert the same, with the exception of the formal parts. The complaint reads:

"That on or about the 1st day of November, 1916, at Salt Lake City, Utah, the defendant employed plaintiffs as attorneys and counselors to take charge of the interests of defendant in certain litigation then and there pending in the courts of Utah, to which the defendant was party, and to which the Bingham & Garfield Railroad Company and Utah Copper Company were adverse parties, and to advise, consult with, and represent the defendant's interests in respect to the claims, demands, and mining rights, connected with, and growing out of, mining ground and premises owned by defendant in West Mountain Mining District, Salt Lake County, Utah.

"That the rights, interests, and property so committed to the charge of plaintiffs as such attorneys and counselors in respect to which the plaintiffs were called upon to advise, and did advise, consult with, and represent the defendant, were of great pecuniary value, to-wit, not less than $500,000.

"That under and pursuant to the employment aforesaid, at the instance and request of defendant, and for his benefit, the plaintiffs negotiated, recommended, framed, and supervised certain contracts, and performed other valuable services, for and on behalf of defendant from and after about the 1st day of November, 1916, until on or about the 10th day of April, 1917, to the effect and with the result that the plaintiffs procured to be paid to defendant for the said rights, property, and claims in controversy, and in settlement of the litigation, the sum of $750,000.

"That during the course of said employment, and for the special use and benefit of defendant, and at his special instance and request, the plaintiffs laid out and expended the sum of one hundred and eleven dollars ($111).

"That the services so as aforesaid rendered by plaintiffs to defendant were and are of the reasonable value of twenty-five thousand dollars ($25,000).

"That no part of the aforesaid compensation or of the said moneys laid out and expended have been paid to the plaintiffs, excepting only the sum of two thousand dollars ($2,000), paid on or about the 9th day of February, 1917, and the further sum of two hundred and fifty dollars ($250), paid on or about the 24th day of February, 1917.

"That there remains due and unpaid from the defendant to plaintiffs, by reason of the services and expense aforesaid, the sum of twenty-two thousand eight hundred and sixty-one dollars ($22,861), payment of which has been demanded."

We deem it more convenient to dispose of the objections to the complaint at this point and before proceeding to the other assignments.

The defendant interposed both a general and a special demurrer to the complaint. The special demurrer was based upon the ground that the complaint was ambiguous and uncertain (1) because defendant was unable to ascertain therefrom whether the alleged cause of action was for attorneys' fees or for "a commission on selling real estate," etc.; and (2) that the complaint was uncertain and ambiguous in that the defendant could not ascertain ·and determine therefrom ˙ the nature of the services which plaintiffs alleged they had rendered for the defendant, and that it was further uncertain in that defendant could not ascertain therefrom what the alleged "other valuable services" were.

There is no merit whatever to the contention that the complaint is defective in substance. Nor is there any merit to the contention that the complaint is ambiguous and uncertain. The complaint is quite specific, even more specific than complaints of this character usually are in actions of this kind.   See 2 Boone, Code Pl. Forms, p. 398; 2 Ency.      1, 2 of Forms, under the title "Attorneys," and especially

under the subtitle "Actions by Attorneys," pp. 984-987; and *Beekman* v. *Platner*, 15 Barb. (N. Y.) 550. A mere cursory examination of the forms of complaints in such actions, and the cases in which they were filed, will convince the most exacting pleader that the complaint in this case was sufficient to withstand both the general and special demurrer. Quite apart from those forms, however, the complaint is not vulnerable to the objections urged against it under our Code of Civil Procedure. Moreover, it is quite apparent from an examination of defendant's answer that he had no difficulty whatever in presenting his side of the controversy and in meeting the claims of the plaintiffs. In his answer the defendant admitted that the plaintiffs were practicing attorneys, and that the defendant had employed them to conduct a certain cause for him, but denied that they had been employed for all the matters stated in the complaint. The defendant also admitted that the value of the property involved was as alleged by plaintiffs, but denied that their services were worth $25,000, or any other sum in excess of what had been paid them as alleged in the complaint. The defendant in effect denied all other allegations of the complaint.

This answer was signed on behalf of the defendant by the firm of Marioneaux, Straup, Stott & Beck. This firm, it seems, on account of some misunderstanding with the defendant, subsequently withdrew from the case.

The complaint was filed in the district court on June 26, 1917, and the answer was filed August 11, 1917. The cause was set for trial on the 21st day of December, 1917. It was continued on that date to January 21, 1918. On the latter date it was again continued to the 31st of that month. On that date it was, by agreement of counsel, again set for trial on the 18th day of February. On that day it was called for trial, and the record then disclosed that the defendant was represented by the firm of King, Braffet & Schulder, attorneys at law and members of the bar of this court. It appears, however, that none of the foregoing attorneys appeared on the date last mentioned except Mr. Schulder. He at once made a motion for a further continuance of the case "for a reasonable length of time." We prefer to state what occurred

in the court below at the time the motion for a continuance was made in the language of defendant's counsel who represents him in this court on this appeal. The statement is as follows:

"Thereafter, on the 18th day of February, 1918, this case came on for trial before Hon. J. Louis Brown, one of the judges of the Third judicial district court, the plaintiffs appearing by their attorneys, and the defendant appearing by his attorneys, King, Braffet & Schulder, Mr. Schulder representing said firm of attorneys. As soon as the case was called for trial Mr. Schulder made a motion to the court for a continuance of the same, and swore the defendant, Mr. Enos A. Wall, upon the hearing of said motion. And from the testimony therein set out it appears that the defendant was not satisfied to go to trial with only one attorney representing him, and that he had endeavored to get other attorneys, but had been unsuccessful; and that he asked the court, upon payment of costs and a reasonable attorney's fee, that this case be postponed until a later day. The court denied that motion. Thereupon Mr. Schulder, as attorney for the defendant, withdrew the name of King, Braffet & Schulder as attorneys for the defendant and said attorney and the defendant immediately left the courtroom.

"Thereupon the trial proceeded under the directions of the court, witnesses were sworn by the plaintiffs, and evidence was introduced, and during the whole time of this trial the defendant was not present in court either in person or by counsel.

"At the conclusion of plaintiffs' testimony the following proceedings were had:

"The Court: 'Do you care to argue the matter to the jury? I will state probably I won't submit it until to-morrow morning.'

"Mr. Marshall: 'We don't care to argue it. We will submit it.'

"The Court: 'Well, the instructions are not prepared at this time, so that it will be necessary for it to go over until to-morrow morning. If you wish to keep it open you may do so for the other testimony, or—'

"Mr. Marshall: 'No; we at this time don't care to argue. We can properly submit without any argument at all.'

"The Court: 'I may inquire if you wish to waive written instructions to the jury?'

"Mr. Marshall: 'Well, we have written instructions, if the court please.'

"The Court: 'The court will instruct the jury orally, if you desire, and the instructions may be written and subsequently filed.'

"Thereupon the court instructed the jury orally.

"Thereupon the jury retired to consider of their verdict, and returned into court a verdict of $24,000.''

Counsel who now appears for the defendant in proper time filed a motion for a new trial in the court below, setting forth the statutory grounds. The motion was denied, and hence this appeal.

The only assignments of error, in addition to the one already disposed of, are (1) that the court erred in denying the motion for a continuance; (2) that it erred in instructing the jury orally; and (3) that it erred in denying the motion for a new trial.

Counsel insists, that the court abused its discretion, and hence erred in denying the motion for a continuance. In addition to what is contained in the statement which we have set forth the record also shows that Mr. Schulder, the attorney representing the defendant in the court below at the time the motion for a continuance was made, frankly admitted that he did spend all of the preceding week, excepting one day, in going over the facts of the case and in preparing the defense; that the court called his attention to the fact that the case had been continued from time to time, and had been specially set for trial on the day it was called; that in its judgment the case should not be further continued, but, if counsel would agree to impanel a jury, the court would permit the case to go over until the following morning without permitting the case to lose its place on the trial calendar; that counsel refused the court's proffer, and withdrew from the case, and also withdrew the name of his firm; that the court admonished counsel that his withdrawal would not be

permitted for the purpose of bringing about a continuance of the trial. The record also shows that the defendant and Judge Marioneaux had some misunderstanding with regard to what should be set up in the answer, and that the defendant for that reason had lost confidence in the judge. Neither the ability nor the integrity of Judge Marioneaux is questioned, however, by the defendant. Indeed, both are conceded to be excellent. It further appears that the continuance was not sought on account of the absence of a witness or witnesses, nor because the defendant had evidence which he could not then present. The defendant also conceded that Mr. Schulder was a reputable attorney and of good ability, but defendant did not want to trust the conduct of the case to him ·alone, and hence wanted time to employ additional counsel. We remark that the record discloses that the defendant for some time had been fully advised just when the case was set for trial, and had ample time to employ other counsel if he did not desire to have Mr. Schulder try the case alone. The record is devoid of any showing of diligence on the part of the defendant in that regard.

In view of the undisputed facts, did the trial court err in denying the motion for a continuance?

In *Lancino* v. *Smith*, 36 Utah, 462, 105 Pac. 914, where it was contended that the trial court had erred in denying a similar motion, we said:

" * * * We ought not disturb the ruling of the trial court unless we are clearly convinced that that court has abused the discretion with which the law has vested it."

Defendant's counsel concedes that the foregoing correctly reflects the law upon the subject, but he insists that in this case the trial court abused its discretion in proceeding with the trial after Mr. Schulder had withdrawn from the case. This contention is based upon our statute (Comp. Laws 1907, section 119), which reads:

"When an attorney dies, or is removed, or suspended, or ceases to act as such, a party to an action or proceeding for whom he was acting as attorney, must, before any further proceedings are had against him, be required by the adverse

.Vol. 53—19

party, by written notice, to appoint another attorney or to appear in person.''

Defendant contends that when Mr. Schulder and his firm withdrew from the case, and Mr. Schulder had left the court-room, the plaintiffs could not legally proceed with the case without giving the notice provided for in the foregoing section. We are of the opinion, however, that, in view of the undisputed facts and circumstances of this case, the defendant can claim nothing by reason of the fact that his counsel withdrew from the case. The record shows that Mr. Schulder withdrew from the case only after he was ordered to do so by the defendant. Had Mr. Schulder withdrawn upon his own motion and for the purpose of preventing the court from proceeding with the case, we cannot see why he would not· have been guilty of contempt of court. From what was said, however, it is clear that Mr. Schulder did not intend any disrespect to the court, nor did he intend to arrest the progress of the trial, but what he did was entirely in obedience to the demands of his client, the defendant, and hence no blame whatever attaches to Mr. Schulder's conduct. There is, however, no excuse whatever for defendant's conduct. A party to an action may not spurn a court merely because it refuses to grant his requests. He can gain no advantage by demanding that his counsel withdraw from the case and both leave the courtroom. It would be a most serious reflection upon the administration of justice, as well as upon the dignity and usefulness of courts, if they permitted such conduct to operate in favor of the offending party. Courts are human, and, like all that is human, are not infallible. They may thus err in rejecting what a litigant demands at their hands. If such is the case, however, the litigant can gain no advantage by leaving the courtroom and in refusing to further participate in the trial of the cause. If the court makes an erroneous ruling, the party seeking to have it reviewed must make timely objection and save an exception. The rulings of trial courts cannot be reviewed in the appellate court unless the complaining party has complied with the rules of law and procedure in making objection and noting an exception to the objectionable ruling.

To aid in the administration of justice counsel learned in the law are retained to represent litigants in the courts. Counsel thus employed are always clothed with important powers and burdened with great responsibilities. While they are the representatives of their clients, and as to them sustain a position of the highest trust and confidence, they, nevertheless, are also officers of the court, and as such are always bound to aid in the orderly and expeditious administration of justice. It is therefore counsel's duty, both to his client and to the court, to make timely protest against any error the court is about to commit, and, if the court overrules the protest, to save the question for review by noting an exception. While his client may direct him what to do or omit in his behalf, the client cannot divest counsel of the duty he owes to the court as its officer. The client, therefore, can gain no advantage whatever by directing his counsel to leave the courtroom in case the court has refused to grant the request of his counsel. It is counsel's duty to aid, not impede, the administration of justice, and clients cannot relieve them of such duty. Strategy may not be resorted to in courts of justice as is the case in war. Neither does section 119, supra, aid the defendant. Similar statutes are found in a number of states and have been construed and applied by the courts. Such a statute is in force in the state of Michigan. In *Coon v. Plymouth Plank Road Co.*, 32 Mich. 248, it was contended, as it is here, that the withdrawal of the attorney took from the court the right to proceed with the trial of the case. Mr. Justice Cooley, after stating the contention of the appellant, and after setting forth the Michigan statute, which is like ours, in the course of the opinion said:

"We do not understand this to apply to a case where a practicing attorney for any reason declines to go on with a particular case while still continuing in practice. It might be made the means of serious mischief if it could have such a construction. The plain meaning of the statute is to provide for cases in which the attorney or solicitor, by reason of death, disability, or other cause, has ceased to practice in the court. His refusal to proceed in a particular case is not ceasing to 'act as such' attorney or solicitor; it does not even disconnect him with the case; for that can only be accomplished by consent of the parties,

or of the court, or by regular proceedings for the substitution of another.''

A similar statute is in force in the state of Washington. In *McInnes* v. *Sutton*, 35 Wash. 384, 77 Pac. 736, the Supreme Court of Washington approved and followed the Michigan case. To the same effect is *In re Bollinger's Estate*, 145 Cal. 751, 79 Pac. 427. In the latter case it was contended that the trial court erred in refusing a continuance because the attorney had withdrawn from the case when it came on for trial, and the Supreme Court held that to refuse a continuance under such circumstances does not constitute an abuse of discretion. In addition to the foregoing, see, also, 6 R. C. L. section 7, p. 551; *Steenstrup* v. *Toledo, etc., Co.*, 66 Wash. 101, 119 Pac. 16, Ann. Cas. 1913C, 427, note; *Henck* v. *Todhunter*, 7 Har. & J. (Md.) 275, 16 Am. Dec. 300.

It is not necessary to pursue this question further. There would have been more reason for criticism had the trial court permitted the defendant to control its action by leaving the courtroom and directing his counsel to do likewise.

From what we have copied from the brief of defendant's counsel it appears that the court instructed the jury orally, but directed that the instructions be reduced to writing and filed in the case, which was done. Counsel for defendant relies on Comp. Laws 1907, section 3147, subd. 4, which provides:

''When the evidence is concluded, the court shall instruct the jury in writing upon the law applicable to the case: * * * Provided, that with the consent of both parties entered in the minutes, the court may instruct the jury orally.''

It is contended that the statute is mandatory, and not to follow it constitutes error. Statutes like the one just quoted from are not uncommon and are generally held to be mandatory. 2 Thompson, Trials (2d Ed.) section 2375. While such is the case, it is, however, also held, almost without exception, that where the instructions are incorporated into the record on appeal, and it appears therefrom that they correctly state the law applicable to the case, and that the objecting party was not prejudiced, the error in giving oral instructions is not fatal to the judgment. 2 Thompson, Trials

(2d Ed.) section 2379; *Hogel* v. *Lindell,* 10 Mo. marg. p. 487; *Doyle* v. *Nesting,* 37 Colo. 522, 88 Pac. 862; *Vanwey* v. *State,* 41 Tex. 639.

It is, however, further held that the objection that the instructions were given orally, and not in writing, cannot be raised for the first time on motion for a new trial, as was done in this case. Nor can the alleged error, it is held, be reviewed unless an objection is made at the time the instructions are given and an' exception is duly taken. *Vanwey* v. *State,* supra; *West* v. *Blackshear & Co.,* 20 Fla. 457; *Garton* v. *Union City National Bank,* 34 Mich. 278; *Jacobs* v. *Mitchell,* 2 Colo. App. 456, 31 Pac. 235; *Taylor* v. *Kidd,* 72 Wash. 18, 129 Pac. 406. To the same effect are *Chapman* v. *Chicago & N. W. R. Co.,* 26 Wis. 295, 7 Am. Rep. 81; *Rizzoli* v. *Kelly,* 68 N. H. 3, 44 Atl. 64; *Kullberg* v. *O'Donnell,* 158 Mass. 405, 33 N. E. 528, 35 Am. St. Rep. 507; *Heenan* v. *Howard,* 81 Ill. App. 629. In *Taylor* v. *Kidd,* supra, the Supreme Court of Washington expressly held that an objection that the court instructed orally must be made at the time the instructions are given and exception noted; and such is the holding in *West* v. *Blackshear & Co.,* supra, and in *Garton* v. *Union City National Bank,* supra. In view that it constitutes one of those errors which, if timely objection is made, may be at once corrected or avoided, it seems only reasonable that the objection should be made at a time when the court can either correct or avoid the error.

Moreover, in view that the right of having the jury instructed in writing may be waived, it is also held in some of the foregoing cases that where a party or his attorney voluntarily and without cause absents himself from the trial, and thus cannot make the objection, he cannot afterwards be heard to complain. This is merely enforcing common sense. The authorities are uniform that, ordinarily at least, a party may not avail himself of an alleged error unless he has interposed an objection and preserved an exception to the ruling complained of.

It is also elementary that a party may never avail himself of an invited error. If a party may, therefore, direct his at-

torney to absent himself from the trial, and thereafter may, nevertheless, invoke the right of review without complying with the law and rules of procedure, he would be placed in a better plight than would the party whose attorney remained and discharged his full duty to the court and to the public by making every legitimate effort to avoid prejudicial error and to prevent a mistrial by making timely objections and by saving his exceptions to the rulings or acts of the court. If once the wholesome rule that an attorney must act promptly to preserve the rights of his client is departed from, courts will cease to be the instrumentalities of the sovereign state through whom justice is administered with the aid of counsel who are their officers, but will become the mere playthings of the parties to the actions and be controlled by their whims and caprices. If either one or the other of the parties does not want to proceed with the trial at any particular time, he will merely direct his attorney to leave the courtroom, and he will also leave it, and thereafter complain of anything that does not suit him.

It is, however, contended that, in view of our statute (Comp. Laws 1907, section 3283), which, so far as material here, provides that an "order or decision made in the absence of a party" is deemed excepted to automatically, gave the defendant an exception to the action of the court in instructing the jury orally. We think there are two conclusive answers to this contention: (1) That the defendant cannot avail himself of the statute where he willfully and without adequate cause absents himself from the courtroom and departs from the trial, and (2) that the statute in no event applies to such an act of the court. The statute says an "order or decision" is deemed excepted to. To instruct a jury is neither an order nor a decision within the purview of the statute. Any one who but for a moment reflects upon the purpose of the statute will require no argument to convince him that it was not intended to cover proceedings occurring during the course of a trial. Section 3283 is copied from the Code of Civil Procedure of California. It was held by the Supreme Court of that state in *McGuire* v. *Drew*, 83 Cal. 225, 23 Pac. 312, that the section has no application to

rulings occurring during the course of the trial.   Moreover, to
instruct orally, where the instructions correctly state the law
and are as favorable to the complaining party as the law al-
lows, at most constitutes technical error, and is error with-
out prejudice.

We have carefully examined the proceedings, and have with
like care read the instructions of the court.   The instructions
cover every phase of the case; that is, they are full, fair, and
free from error or objectionable matter.   Not even counsel for
the defendant has been able to point to anything that is ob-
jectionable in the entire instructions.   Moreover, knowing
Mr. Schulder's ability as a lawyer—and as a member of the
bar of this court we do know it—we cannot perceive of any
reasons, as no doubt the trial court could perceive of none, why
Mr. Schulder could not have tried this case as well as any
other attorney.

What has been said also disposes of the assignment that the
court erred in overruling the motion for a new trial.

The judgment is affirmed, defendant to pay costs.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ.,
concur.


On Application for Rehearing.


FRICK, J.

The appellant, in his own name and behalf, has filed a peti-
tion for a rehearing.   The only ground assigned why the
petition should be granted, stating it in appellant's own
language, is as follows:

"Comes now Enos A. Wall, the defendant and appellant in
the above-entitled action, in person, and respectfully petitions
this honorable court to grant a review and reconsideration of
its judgment rendered December 10, 1918, in said action, for
the following reasons:

"In summing up his statements of facts and conclusions, it
is evident that the honorable Chief Justice did not accurately
perceive, or give proper weight to, the true character and con-

ditions of the nature and terms of the contract of employment which existed between the defendant and Mr. Schulder, upon which they were present in the court at the opening of the trial of the case, and because of which the honorable Chief Justice, departing from his proverbially affable manner, administered to the defendant very severe censure because of a supposed violation of well-understood rules of good conduct to an extent that may well have imparted to the honorable associate members of the court unjustified prejudice against the defendant's cause.''

The ground stated in the foregoing application is supported by a printed argument covering fifty printed pages. The writer feels impelled to state that he has no doubt that appellant feels aggrieved, and that he is convinced that he has not received justice, either in the court below or in this court. That much is evident from his argument.

The duty that we owe to ourselves, as well as to other litigants, however, requires us to state that almost the entire argument contained in appellant's brief refers to matters wholly outside of the record on this appeal, and hence may not be considered by us for any purpose. The layman is very apt to assume that so long as he deals with facts as he sees them it is immaterial in what manner they are brought to the court's attention. As he views it, courts are created to administer justice according to the facts; and if the facts are laid before them they should consider them, regardless of how or when presented. We need not, nor shall we pause to, offer either argument or explanation why such a review cannot be entertained, much less enforced, by courts. Then again, appellant overlooks the fact that this court, in cases like the one at bar, exercises appellate jurisdiction only, and its power of review is strictly limited to the record presented on appeal. Although we had the inclination yet we were powerless to enter upon a consideration of any matter of fact which was not contained in the record as originally presented on this appeal. In view that appellant complains only of the one point, namely, that we erred in not reversing the ruling of the district court in refusing to grant a continuance, this review must necessarily be limited to that point.

Now, that point, as suggested in the original opinion, involves the question of whether the district court had abused the legal discretion vested in it in denying appellant's motion for a continuance. It is not enough that if the application for a continuance had been presented to us we might have felt inclined to grant it. On appeal we must go further, and find as a matter of law that the district court, in view of the facts and circumstances disclosed by the record, abused the discretion which the law has conferred upon it, and which the law wisely withholds from us. We cannot exercise original discretion in such cases, but all we may do is to determine as a matter of law whether the district court has abused its discretion. In view of the record in this case it would be a mere usurpation of power on our part should we attempt to exercise original discretion. We can reverse the rulings of the district courts only for some adequate legal reason, which, the Constitution provides, we must state in the opinion filed in the case. When we originally considered this case we were unable to give an adequate legal reason why the district court had abused its discretion in denying the application for a continuance, and hence we were bound to affirm its judgment. After carefully considering appellant's argument in support of his application for a rehearing, we are still unable to give such a reason, and hence we are compelled to deny the application for a rehearing. Such is the order.

CORFMAN, C. J., and GIDEON and THURMAN, JJ., concur.

McCARTY, J., died December 19, 1918. WEBER, J., did not participate in considering petition for rehearing.