BYRON WESTFALL, Plaintiff and Appellant, *v.* MOTORS INSURANCE CORPORATION, a Corporation, Defendant and Respondent.

No. 9939.
Submitted December 4, 1959. Decided January 29, 1960.
348 Pac. (2d) 784.

See **C. J. S.** Continuance, § 89.

Morrow, Nash & Thompson, Landoe & Gary, Bozeman, for appellant.

Donald A. Nash, Bozeman, argued orally for appellant.

Joseph B. Gary, Bozeman, for respondent.

Joseph B. Gary argued orally for respondent.

MR. JUSTICE ANGSTMAN delivered the Opinion of the Court.

This is an appeal by plaintiff from a judgment entered on a directed verdict in favor of defendant.

The principal contention of plaintiff is that the court erred in denying his motion for a continuance of the trial. The record discloses that on October 17, 1957, the court set this case for trial by jury to be heard on November 14, 1957. On November 12, a stipulation signed by counsel for the respective parties was filed to the effect that the setting of the case for trial on November 14, may be vacated and the trial continued over the term and that the cause should thereafter be set down for trial at the convenience of the court to be tried without a jury.

On November 12 the court declined to recognize the stipulation of counsel and ordered that the trial take place on November 14 at 10:00 a.m., as previously noticed.

On November 13, plaintiff's counsel made a motion for continuance and noticed it for hearing at 9:00 a.m. on November 14.

The motion was based upon the affidavit of counsel for plaintiff, in which it was asserted that plaintiff was a material witness, and that the facts of the case could not be proved by any other witness; that plaintiff was absent from the state and that if a reasonable postponement of the case would be made

he would be able to attend court. The affidavit set out at some length what affiant believed the plaintiff would testify to, if present.

The affidavit also asserted that plaintiff left the state on October 28, 1957, to accept a job on a survey crew in either Colorado or New Mexico, without advising his counsel; that counsel for plaintiff did not learn of his absence until November 11, and after due diligence used by counsel by inquiring of plaintiff's parents and others he has been unable to determine the present whereabouts of plaintiff in order that he might reach him by telephone.

Our statute, section 93-4910, authorizes the granting of a motion to postpone a trial on grounds of the absence of material evidence and likewise provides that, "upon terms the court may, in its discretion, upon good cause shown, and in furtherance of justice, postpone a trial or proceeding upon other grounds than the absence of evidence."

When the facts are such that the court would be authorized under section 93-3905 to relieve a party from a judgment, order or other proceeding taken against him through his mistake, surprise or excusable neglect, then the postponement should be granted. Meredith v. Roman, 49 Mont. 204, 141 Pac. 643.

And the requirement that the moving party set forth in an affidavit the evidence which he expects to prove by the witness is not imperative when the absent witness is the party to the action and when he is the only one, as here, who knows the facts and where his absence is excusable. Light v. Richardson, 3 Cal. Unrep. 745, 31 Pac. 1123, cited with approval by this court in Meredith v. Roman, supra, and compare Beck v. Peard, 183 Okl. 195, 80 Pac. (2d) 614; 17 C.J.S. Continuances, section 27, page 210, et seq., and Dean v. Carter, 131 Mont. 304, 309 Pac. (2d) 1032.

Here, plaintiff's counsel had every reason to suppose that the court would honor the stipulation of counsel for a

postponement of the trial and that it thereafter be tried to the court without a jury. When the court declined to honor the stipulation, it was too late for counsel to locate the whereabouts of his client, the plaintiff.

Counsel did the best he could in setting forth what he believed his client would testify to, if present. If that showing be technically insufficient, it is still no grounds for denying the continuance. A litigant has the right to be present to assist his counsel in the trial, and his excusable absence is a ground for a continuance. Rausch v. Cozian, 86 Colo. 389, 282 Pac. 251.

Here plaintiff's absence was excusable since he did not know that the case was set for trial.

There are many ways in which parties may be prejudicially affected by not being present at the trial. Here it was asserted that plaintiff was the only witness who knew the facts. Likewise his counsel may have seen fit to amend the complaint had his client been present for consultation. Likewise, if leave to amend were denied, he might see fit to dismiss the action without prejudice and commence a new action. He is precluded from doing these things if this judgment stands. The court should have granted his application for a continuance.

The judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES BOTTOMLY and ADAIR concur.

MR. JUSTICE CASTLES:

I dissent to the foregoing opinion.

We do not have before us the testimony taken at the lower court trial, since the bill of exceptions was settled as just the judgment roll and just the original exhibits.

In my opinion there are three grounds under the statute, R.C.M. 1947, section 93-4910, supporting the judgment of the District Court:

(1)   The affidavit utterly failed to show that due diligence had been exercised.

(2)   There was a failure to show what materiality the evidence sought to be introduced by plaintiff would have even if produced or that the evidence would have changed the result.

(3)   No request appears in the record for an admission or denial of the proposed testimony by the defendant.

I would affirm the District Court.