373 P.2d 375

**Paul BAIRAS, Plaintiff and Appellant,**

v.

**Lanard JOHNSON and Norman Cram, coadministrators of the estate of Philip G. Fulstow, deceased, Defendants and Respondents.**

No. 9599.

Supreme Court of Utah.

July 6, 1962.

Gardner & Burns, Cedar City, Nathan Goller, Beverly Hills, Cal., for appellant.

Hanson & Baldwin, Merlin Lybbert, Salt Lake City, Olson & Chamberlain, Richfield, for respondents.

CALLISTER, Justice.

From a judgment of the lower court dismissing his complaint upon the merits and defendants' counterclaim without prejudice, the plaintiff appeals. He contends that the court erred in denying his motions for a continuance and change of venue.

On July 5, 1960, the plaintiff and Philip G. Fulstow were the sole occupants of the latter's automobile which ran off a highway in Coconino County, Arizona. Fulstow died as a result of the accident, and the plaintiff suffered a broken neck, causing him to be paralyzed from the neck down. Plaintiff was removed to a hospital in California where, at all times pertinent hereto, he has remained as a ward of the county of Los Angeles. The defendants are the duly appointed administrators of the estate of Philip G. Fulstow.

The plaintiff filed a claim with the estate for $500,000 for personal injuries which was rejected. On March 9, 1961, the next to last day of the allowable period of time,[1] the plaintiff commenced this action. In his complaint the plaintiff alleged that Fulstow was driving the automobile at the time of the accident in a negligent and reckless manner which caused the accident and plaintiff's resulting injuries. Defendants filed a counterclaim asserting that the plaintiff was the driver of the automobile at the critical moment, and that the accident was his fault.

Trial of the action in Kane County was first set for June 14, 1961, but it was postponed until June 28, 1961, to accommodate the personal convenience of one of plaintiff's counsel. On June 22, 1961, plaintiff filed a motion to vacate the trial setting for the reason that plaintiff was confined in the hospital and unable to travel from California to Utah. This motion was argued on the 26th of June. There was

[1]. 75-9-9, U.C.A.1953.

produced and filed an affidavit of Dr. C. H. Imes, plaintiff's attending physician at the hospital. This affidavit was to the effect that the plaintiff was not physically able to make a trip to Utah and be present at the trial on June 28th, but that it was the doctor's opinion that the plaintiff would be able to do so in approximately three months.

This motion was vigorously resisted by the defendants who asserted that the estate had been ready to close for three months, and that the instant action was the sole barrier to a final disposition of that matter. Moreover, penalties and interest would begin to run on July 5, 1961, unless the estate and inheritance tax returns were filed on that date. They also argued that Fulstow's heirs, his elderly mother and father, were suffering hardship and inconvenience by reason of the delay in the distribution of the estate.

After hearing argument thereon, the lower court granted a continuance to September 20, 1961, and entered an order to that effect which read in part as follows:

"IT IS FURTHER ORDERED, that if it appears that the Plaintiff will not be physically capable of testifying in person at the trial on September 20, 1961 that his deposition will be taken by Plaintiff's counsel for use at the trial if the Plaintiff's testimony is to be admitted and that notice of taking of such deposition shall be given to counsel for the Defendants not less than ten days prior to the time set for the taking thereof.

"The court notes for the record that the foregoing terms and conditions were stipulated to by counsel for the Plaintiff in consideration for the Court granting the instant continuance."

On September 18, 1961, plaintiff's California counsel, Mr. Nathan Goller, sent to the trial judge a telegram advising that the plaintiff would be unable to attend the scheduled trial on September 20th. He also notified plaintiff's local counsel who, in turn, endeavored to notify counsel for the defendants. On September 20th defendants were in court with their witnesses ready for trial, and a jury had been summoned and was in the box. Local counsel for the plaintiff were present and moved the court for a continuance and for a change of venue.

In support of the motion for a continuance, there was presented a new affidavit of Dr. Imes and an affidavit of Mr. Goller. This second affidavit of Dr. Imes, dated September 18, 1961, stated in effect that the present condition of the plaintiff was one of improvement, but not to an extent to permit him to travel and attend the trial in Utah. Dr. Imes stated that plaintiff was scheduled for surgery of a genito-urinary nature during the week of September 18th which would prevent him from leaving the hospital at that time. It was the intention of the hospital, according to the doctor, to

discharge the plaintiff in approximately five weeks and provide outpatient care and an assistant. It was Dr. Imes' opinion that at that time the plaintiff, if accompanied by the assistant, could make the journey and attend the trial.

The affidavit of Nathan G. Goller, also dated September 18, 1961, was to the effect that up until September 17th he had been of the opinion that the plaintiff would be released from the hospital for the purpose of attending the trial in Utah on the 20th of September, and that he had made the necessary transportation arrangements.

The foregoing motions were argued extensively, the defendants strenuously opposing them. The trial judge finally denied the motions, and a jury was impanelled. The motion for continuance was renewed by plaintiff's counsel and was again denied. Plaintiff's counsel endeavored to proceed by offering into evidence, as an exhibit, the discovery deposition of the plaintiff taken June 24, 1961, on behalf of the defendants.[2] The defendants objected to this procedure, claiming they had a right to make objection to inadmissible evidence in the deposition. The court ruled that the deposition could be published and used in the manner provided by our civil rules of procedure, subject to proper objections, but that it could not be used in its entirety as an ex-

hibit. Plaintiff thereupon withdrew the offer and rested. The judgment of dismissal with prejudice was then granted. The trial judge indicated that there were insufficient grounds to grant the motion for a continuance and that timely notice had not been given.

On a motion for a new trial, the plaintiff filed three additional affidavits, his own, that of Dr. Edward Bobo, and a second one of Nathan G. Goller. Plaintiff, in his affidavit, described his physical condition and stated that three weeks prior to the scheduled trial date he had commenced preparation for the trip and that it was not until a week prior to his intended departure that he was advised by the doctors that he could not leave the hospital, and that he was scheduled for an operation. He notified Mr. Goller as soon as possible of this development. Plaintiff was operated upon on September 21, 1961, and expressed, in his affidavit, the opinion that he would be able to make the journey in about five weeks.

The affidavit of Dr. Bobo was to the effect that he performed a trans-urethral resection of plaintiff's prostate on September 21, 1961, and that plaintiff's condition had not warranted such an operation prior to that date.

---

**2.** Prior to the taking of this deposition, counsel for defendants wired plaintiff's counsel offering them the opportunity to take plaintiff's deposition on his own be-

half. This offer was not accepted, although Mr. Goller attended the deposition and asked some questions.

Mr. Goller's second affidavit was to the effect that it was not until September 17, 1961, that he became aware that the plaintiff could not attend trial on September 20, 1961; that up until that time he had been of the opinion that plaintiff would be able to attend and had not, therefore, thought it necessary to take plaintiff's deposition.

The motion for a new trial was denied.

■ Rule 40(b) U.R.C.P. provides that the granting of a continuance lies in the trial court's discretion. This case presents one of those difficult instances in which it is necessary to examine the reasonableness of the exercise of that discretion. Certainly, this court should not reverse the ruling of the trial court absent a showing that the latter abused its discretion.[3] However, it is in accord with the most fundamental traditions of our legal system that a party should be afforded every reasonable opportunity to be in attendance at his trial.[4]

■ Obviously, there may be times when a party may be able to add little or nothing by way of assistance or testimony at a trial, and in such an instance there may be little reason to grant a continuance to accommodate an absent party. But such is not the instant case. The plaintiff's testimony is essential to his case. Moreover, the superiority of oral testimony to that taken by deposition is apparent, and resort to a deposition to introduce a party's testimony of trial should only be done when the circumstances will not reasonably allow a desirous party to appear in his own behalf.

■ Under the peculiar facts of this case, we believe that the trial court's refusal to grant an additional continuance for five weeks, even in view of its prior order of June 26, 1961, was an abuse of discretion. Whatever might have been the case if only the absence of a witness were involved, rather than a party, the decision of this court must be tempered by the fact that there is no evidence of malingering by the plaintiff. Courts should not foreclose one from a full hearing where it appears that it is impossible for physicians to predict with precision the date on which one who is recovering from a serious misfortune will be able to appear in court. If plaintiff's condition offered little hope for sufficient recovery, there would have been justification for the denial of the continuance. However, there was evidence, by way of affidavits, that plaintiff was improving and would be able to attend trial in approximately five weeks.

Not considering the court's order of June 26, 1961, granting a continuance upon the conditions it did, we think the trial court would have obviously abused its discretion

3. Sharp v. Cankis Gianulakis, 63 Utah 249, 225 P. 337.

4. Jaffe v. Lilienthal, 101 Cal. 175, 35 P. 636; cf. Westfall v. Motors Ins. Corp., 136 Mont. 449, 348 P.2d 784 (1960).

in refusing a further continuance on September 20. However, that order does not essentially change the situation in view of the importance of allowing a party to be in attendance at the trial to testify and assist his counsel. For the same reason the plaintiff was entitled to a further continuance even though his counsel might have taken the precaution of taking plaintiff's deposition prior to the September 20th trial date.

We are, of course, cognizant that the five-week delay would have resulted in some hardship to the defendants and others, and that two witnesses have died since the accident. However, the relative significance of these facts is overshadowed by the potential loss to the plaintiff.

■ The trial court also based its denial of a continuance on the failure of the plaintiff to make his motion timely and in a proper manner. Defendants claim that the motion was defective because it was not served five days prior to the date of hearing and because it was not accompanied by affidavits. As to the latter point, the defendants rely on the case of Lancino v. Smith[5] to support the proposition that accompanying affidavits are necessary. Whatever might have been the rule prior to its adoption, Rule 40(b) of our present rules of civil procedure does not expressly require affidavits to accompany a motion for continuance. Moreover, the reporter's notes following Rule 40(b) state that "the motion need not be by affidavit as was required by former section."

As to the fact that the motion was not served five days before the hearing as defendants claim is required by Rule 6(d), we hold that whatever the rule might be when counsel have ample time within which to make a motion for continuance, when counsel are taken by surprise, as in this case, so that they do not have five days in which to serve the motion, they are not precluded from making the motion.

■ The ruling of the trial court denying plaintiff's motion for a change of venue is sustained. The plaintiff filed in support of his motion a petition signed by several residents of Kane County and an affidavit of a traveling salesman both to the effect that many people in the county were of the opinion that plaintiff had been driving the car at the time of the accident, and thus plaintiff could not have a fair and impartial trial in Kane County. Under the circumstances it cannot be said that the lower court abused its discretion in denying the motion.

Reversed and remanded to proceed in accordance with this decision. No costs awarded.

WADE, C. J., and HENRIOD, McDONOUGH and CROCKETT, JJ., concur.

5. 36 Utah 462, 105 P. 914.