**MILLER PONTIAC, INC., Plaintiff and Respondent,**

v.

**Janet S. OSBORNE, Defendant and Appellant.**

**No. 16847.**

Supreme Court of Utah.

Jan. 6, 1981.

David S. Dolowitz of Parsons, Behle & Latimer, Salt Lake City, for defendant and appellant.

Carman E. Kipp and Thomas N. Arnett, Jr. of Kipp & Christian, Salt Lake City, for plaintiff and respondent.

WILKINS, Justice:

This is an appeal by Defendant Janet Osborne from a judgment against her and in favor of Plaintiff Miller Pontiac, Inc., entered by the Third District Court after a trial to the Court sitting without a jury. All statutory references are to Utah Code Ann., 1953, as amended.

Defendant signed a contract for the purchase of an automobile from plaintiff for her son. The car was described as "hot," meaning that the engine and suspension

had been modified to increase the car's speed and maneuverability. The price for the car was $9,933.00 which, when increased by the cost of various insurance coverage, a finance charge and license fees and decreased by $1,500.00 down payment, resulted in a total contract price of $14,287.04.

There were some initial problems with defendant's son obtaining insurance on the vehicle because of his driving record, but finally coverage was written.

After using the car for a little over three weeks, during which he drove it 3,500 miles, defendant's son returned it to plaintiff in an inoperable condition with a burned out engine. He explained to plaintiff's service manager and testified at trial that he had driven to Evanston, Wyoming, just after having the car checked by plaintiff and on the way back, because of a loud noise in the engine, stopped at a service station where he had to add four quarts of oil. He then drove the car to his home in Bountiful, Utah, but just before arriving, smoke poured out of the engine compartment and the car could not be moved. Defendant's son then called plaintiff to have the car towed to plaintiff's service shop.

Defendant's son alleged that there was a defect in the engine and demanded that a new one be put in the car. Plaintiff maintained that defendant's son had abused the car by "popping the clutch" and running the engine at excessive revolutions per minute (rpm) and told defendant's son that the car would be repaired at his expense. Defendant's son told plaintiff to keep the car and stopped payment on his down payment check. This action was subsequently filed alleging defendant's default of the contract and praying for the full contract price of $14,287.04.[1] Subsequently, the car was repaired by plaintiff and resold.

Following trial to the Court, findings of fact and conclusions of law and judgment were entered for plaintiff. The Court awarded the following as damages: (1) cost of repairs to the car, $1,018.56; (2) lost profit from service contract, $260.00; (3) lost interest, $215.15; (4) earned insurance premiums paid by plaintiff including: credit life, $25.82; disability insurance, $45.67; collision insurance, $54.00; (5) lost commissions, $392.01; (6) lost profits, $829.00; (7) processing the car for resale, $100.00. The sum of these damages is $2,938.21. In addition, an attorney's fee of $1,650.00 was awarded to plaintiff.

Defendant raises five points on appeal. They are: (1) The District Court erred in refusing to grant defendant a continuance on the morning of trial; (2) plaintiff failed to comply with the provisions of Sections 70A–9–501 and 504 and therefore damages against defendant could not be awarded; (3) plaintiff was awarded excessive damages; (4) defendant rescinded the contract pursuant to Section 70A–2–608 and hence could not have breached the contract; and (5) the District Court erred in awarding plaintiff its attorney's fees. We will examine each point in turn.

■ (1) On the morning of trial defendant's counsel apparently represented to the Court that he had been unable to contact his client to inform her of the trial date of June 11, 1979. There had been several continuances of this trial ordered by the Court for various reasons. On May 25, 1979, the trial was set for June 11, and that date was confirmed on May 30. Between May 30 and June 11, counsel for defendant was not able to contact his client. The motion for continuance was not made until the morning of trial and from the record no reason was

---

1. The contract itself provides that in case of default "in any payment due . . . the seller shall have the right, at his or its election, to declare the unpaid installments hereunder, less the unearned finance charges computed as provided herein, together with any amount for which the buyer shall have become obligated hereunder, to be immediately due and payable." As was noted above, plaintiff's complaint prayed for the entire contract price and did not subtract any unearned finance charge. Furthermore, as is developed in more detail *infra*, plaintiff proceeded at trial with a theory different than that prescribed by the contract. However, neither the parties nor the District Court applied the measure of damages required by the contract. We therefore analyze the damages according to the method applied by the parties and the Court.

given for defense counsel's inability to contact his client. Furthermore, no proffer of evidence of what defendant would testify to was made. Defendant's son was available to testify and did testify concerning the various transactions involved.

Citing *Bairas v. Johnson*,[2] defendant maintains that the District Court abused its discretion in not granting the requested continuance. The granting of such a continuance rests, of course, in the sound discretion of the District Court.[3] Here, the record discloses no abuse of discretion and we therefore find this point without merit.

■ (2) Defendant next argues that since plaintiff did not comply with the requirements of Sections 70A–9–501 and 504 of the Uniform Commercial Code, which describe the requirements in the event of default under a security agreement, no damages could be properly awarded against defendant. This alleged failure to comply with the Commercial Code was not a theory of defense raised by defendant either in her answer or at trial. Instead, this issue was raised for the first time in defendant's objections to proposed findings of fact, conclusions of law and judgment, which objections in fact constituted a motion for relief from the judgment and new trial pursuant to Rules 59 and 60, Utah Rules of Civil Procedure.

Although defendant does not so argue it appears that the applicable grounds for her motion were newly discovered evidence which could not have been discovered and produced at trial under Rule 59(a)(4) and newly discovered evidence under Rule 60(b)(2).[4]

The record is devoid of any showing that the evidence which was claimed as newly discovered—that plaintiff had not sent defendant notice of any proposed sale of the car—could not have been discovered and produced at trial. The District Court's refusal to grant defendant's motion was therefore proper.

■ (3) Defendant next complains that plaintiff was awarded damages to which it was not entitled. Defendant first argues that since the car was resold at a higher price than it was originally sold to defendant for, plaintiff suffered no damage. As was pointed out in footnote 1, *ante*, the contract itself spelled out plaintiff's remedy in case of default. The theory of damages advanced at trial does not follow the contract. However, since both parties and the Court proceeded as they did, we will approach the problem from the point of view that a nonbreaching party to a contract should receive an award of damages which will place him in as good position as he would have been had the contract been fully performed.[5]

■ We agree with defendant, however, that portions of the awarded damages were not appropriate. First, the District Court awarded plaintiff the retail value of repairs he performed, $1,018.56. The evidence shows that the cost to plaintiff of the repairs was $778.91. In our opinion, overhead and supervisory costs may be recovered[6] but profit on repairs made by an injured party may not. The rationale for this approach is that a self-repairing plaintiff "is entitled to be compensated for its losses and expenses as a result of [repairing the damaged vehicle], not to make a profit on the mishap."[7] Therefore, plaintiff should have

**2.** 13 Utah 2d 269, 373 P.2d 375 (1972).

**3.** Id. See, also, Rule 40(b), Utah Rules of Civil Procedure; *Griffiths v. Hammon*, Utah, 560 P.2d 1375 (1977).

**4.** This latter ground was not available to defendant because Rule 60(b)(2) by its terms requires that the evidence could not, by due diligence, have been discovered in time to move for a new trial under Rule 59(b). Indeed, since the motion was timely made under Rule 59, a

further motion based on Rule 60 was not appropriate in this case.

**5.** *Keller v. Deseret Mortuary Co.*, 23 Utah 2d 1, 455 P.2d 197 (1969).

**6.** See, e. g., *Curt's Trucking Co. v. City of Anchorage, Alaska*, 578 P.2d 975 (1978); *Reliable Electric Co. v. Clinton Campbell Contractor, Inc.*, 10 Ariz.App. 371, 459 P.2d 98 (1969).

**7.** *Crain Brothers, Inc. v. Duquesne Slag Products Co.*, 273 F.2d 948, 953 (3d Cir. 1959).

been awarded the sum of $778.91 for this item of damage.

 Next, defendant contends that plaintiff should only have been awarded 35 percent of the amount of the service contract as that was the amount of profit which plaintiff would have realized. However, the record reflects that plaintiff paid out the entire $260.00 and hence is entitled to recover that amount as an out-of-pocket expense.

Defendant next attacks the award of $392.01 for commissions. The evidence shows that all of that sum was paid by plaintiff except for $88.01. The award for commissions should therefore be decreased by $88.01 as that amount was not paid by plaintiff.

The next item of damage controverted by defendant is the award of $829.00 for lost profit. She argues that this profit was realized on resale of the automobile. We agree and therefore hold that it was error to award that sum as damages.

Finally, defendant maintains that the award of $100.00 for processing of the automobile is not supportable. However, the record shows that $100.00 is the customary sum expended in preparing an automobile for sale and the automobile had to be processed prior to its resale. We think that this was an appropriate award of damages and hence affirm it.

In sum, as to the damages issue, we hold that the awarded damages were proper with the exception of $239.65 representing profit on the repairs made, $88.01 representing commissions not paid by plaintiff and $829.00 profit which was in fact realized on resale of the car.

(4) Defendant's next point on appeal is that defendant properly revoked her acceptance under the provisions of Sections 70A–2–608 or rescinded the contract. Reversal on this point depends upon a finding that the car was sold in a defective condition. There is substantial evidence in the record to support the finding of the District

Court that the damage to the car was caused by misuse by defendant's son. This point is accordingly without merit.

(5) Finally, defendant argues that the evidence shows that she was justified in taking the action that she took and therefore the District Court could properly refuse to award plaintiff its attorney's fees. However, we find no basis in the record to support a conclusion that the District Court erred in its award of attorney's fees. That item is therefore affirmed.

This matter is remanded to the District Court for entry of an amended judgment consistent with this opinion. As modified, the judgment is affirmed. No costs awarded.

HALL and STEWART, JJ., J. ALLAN CROCKETT, Retired Justice,* and DEAN E. CONDER, District Judge, concur.

MAUGHAN, C. J., does not participate herein; CONDER, District Judge, sat.

---

* CROCKETT, Retired Justice, concurred in this case before his retirement.