**Reed L. MICKELSON, Plaintiff
and Respondent,**

v.

**Ned R. SHELLEY and Shelley Irrigation Development, Inc., Defendants
and Appellants.**

**No. 14037.**

Supreme Court of Utah.

Nov. 21, 1975.

Orrin G. Hatch, and Malin Moench of Hatch & Plumb, Salt Lake City, for defendants and appellants.

B. H. Harris, Logan, for plaintiff and respondent.

ELLETT, Justice:

This is an appeal from the refusal of the court to set aside a judgment rendered for plaintiff when the defendants were not present. Defendants claim an abuse of discretion on the part of the trial judge.

The facts as set out in appellants' brief show that Mr. Mickelson agreed to purchase for $75,000 the exclusive right in Idaho to sell and distribute a machine patented by the appellants. He paid $20,000 down and promised to pay the balance within 60 days. Approximately two weeks after the down payment, Mr. Mickelson tendered a proposed written contract which the appellants refused to sign on the ground that it was not in accordance with the prior oral agreement between the parties.

The plaintiff claims that he sent the proposed written agreement with the $20,000 check and enclosed a letter stating, inter alia, as follows:

> Enclosed please find my check for $20,000 which is delivered to you upon the following conditions:
>
> 1. You and the Corporation sign copy and return to us copy of this memo.

> \* \* \* \* \* \*

The appellants failed to sign the proposed agreement but retained the check and cashed it.

Whether or not the check was sent with the agreement is not important in this case, for the appellant Ned R. Shelley promised to repay the sum of $20,000 to the plaintiff. He claims that he voluntarily promised to pay it when he was able to do so, although he asserts that he was under no obligation to return the money at all. He further claims that his promise to pay was upon the condition that respondent cease his threats of litigation.

About 11 months after the $20,000 check was sent, the plaintiff filed this action to recover that amount from the defendants. An answer consisting of a general denial was filed, and some 22 months after the complaint was filed, the case was set for trial. After the matter was at issue, the plaintiff on July 20, 1973, requested a trial date. On August 13, 1973, the matter was set for a pretrial conference on September 14, 1973. On August 22, 1973, the defendants moved ex parte to continue the pre-

trial date. On August 23, 1973, the court reset the pretrial conference for October 5, 1973. On September 20, 1973, the parties filed a stipulation that the pretrial conference be continued, as they were attempting to work out a settlement. On January 2, 1974, the plaintiff moved to have the pretrial reset for hearing, and one week later the court reset the matter for a pretrial conference to be held on February 22, 1974. On January 15, 1974, the attorney for plaintiff wrote a letter to the judge saying that he had a matter set in another court for February 22, 1974, and that counsel for the defendants was willing to waive a pretrial conference, and so he would request a date for the trial of the matter. On January 23, 1974, the court set the matter for pretrial to be held April 5, 1974. On March 21, 1974, counsel for defendants withdrew, and counsel for the plaintiff served notice upon the defendants and each of them to secure other counsel.[1]

On April 5, 1974, no one appeared for the pretrial conference, and the court continued the matter without date. On the 5th day of April, 1974, counsel for plaintiff notified defendants that the pretrial conference was rescheduled for April 12, 1974. On April 10, 1974, counsel for plaintiff notified the defendants that the conference scheduled for April 12, 1974, had been cancelled by the judge and would be rescheduled upon notice of readiness by either party. On November 11, 1974, counsel for plaintiff mailed a notice of readiness for trial to the defendants, and on December 10, 1974, the court set the matter for pretrial for January 3, 1975. On the last-mentioned date counsel for plaintiff appeared at the pretrial hearing, but the defendants did not appear, and the case was set for trial for January 22, 1975.

Notices had been given at all prior times by mailing to the defendant Ned R. Shelley at his home address in Pleasant Grove, Utah. Notice of the trial setting was not mailed by the clerk of the court until January 14, 1975. Only plaintiff and his counsel appeared at trial. The defendants were not present by counsel or otherwise. Testimony was given and judgment rendered against the defendants in the amount of $20,000 principal, $3,400 accrued interest, and $22 cost, making a total judgment of $23,422.

On January 31, 1975, the defendants moved for a new trial and filed affidavits to the effect that Ned R. Shelley was out of the State of Utah on business and received the notice of trial the day before it was set, to wit, on January 21, 1975; that he promptly contacted an attorney who unsuccessfully tried to reach the trial judge; that the attorney did contact counsel for plaintiff, who agreed to call the trial judge and request a continuance of the trial on behalf of both parties. Counsel for plaintiff did call the trial judge, but he refused to postpone the trial. Mr. Shelley undertook to call the judge the morning of trial but was unable to speak with him, as the judge was in a meeting. He left his message with the secretary, who promised to relay it to the judge. The secretary called back, saying the trial would proceed as scheduled.

The only question before us is this: Did the trial judge abuse his discretion in failing to grant a new trial?

One can readily appreciate the frustration which the trial judge must have had in moving this matter to a conclusion. Not only was the judge frustrated, but the parties must have been equally calloused by hearing the cry of wolf, wolf. It appears that no one had ever been sure that a matter once set would be heard at the appointed date. The defendant Ned R. Shelley was doing a great amount of out-of-state travelling and undoubtedly should have had counsel to represent him in the matter. However, the court clerk was negligent in the matter of giving notice of the trial

---

1. He need not have done this, as the statute only requires notice to get other counsel when a lawyer dies or ceases to be a lawyer, not when he merely withdraws from a case. See *Van Cott v. Wall*, 53 Utah 282, 178 P. 42 (1919).

date. On January 3 the matter was set for trial January 22. However, notice thereof was not mailed until January 14, just eight days prior to the date of trial. Our Rules of Civil Procedure provide that when notice is required and is given by mailing, three extra days must be included in the required time.[2] If we deduct the three days from the eight actually given, we have only a five-day notice, and when the time is less than seven days, intermediate Saturdays, Sundays, and holidays must be excluded.[3] One Saturday and one Sunday intervened between January 14 and January 22, and so the effective notice to Ned R. Shelley was on the order of three days, which seems a bit short in view of the fact that Rule 6(d), U.R.C.P., provides for five days' notice of a hearing on a written motion. While the notice of trial was not on a written motion, it is indicative of what a reasonable time for a notice of a trial date might be.

Mr. Shelley contends that at all times he acted as president of the corporate defendant and that the plaintiff knew that to be so. It seems to us in view of all the circumstances in this matter that the court abused its discretion in failing to set aside the judgment.

The matter is remanded to the district court with directions to set aside the judgment, set a firm date for trial, and give a proper notice of the date thereof. No costs are awarded.

CROCKETT and MAUGHAN, JJ., concur.

TUCKETT, Justice (dissenting).

I dissent. Between April, 1972, and January, 1974, this matter was given six pretrial settings. The pretrials were continued four times at the request of the defendant. The case was set for trial and the defendant failed to appear on the day set. After a hearing a judgment was entered in favor of the plaintiff. The defendant showed little interest in the litigation and in my opinion should not be permitted to prevail on his motion to set aside the judgment. The record does not show an abuse of discretion.

HENRIOD, C. J., concurs with the views expressed in the dissenting opinion of TUCKETT, J.