**Ronald M. HORTON, Plaintiff and Appellee,**

v.

**GEM STATE MUTUAL OF UTAH, Defendant and Appellant.**

**No. 890565–CA.**

Court of Appeals of Utah.

July 3, 1990.

Rehearing Denied Aug. 29, 1990.

Jeffrey R. Oritt (argued), Tibbals, Howell, Moxley & Wilkins, Salt Lake City, for defendant and appellant.

John Preston Creer (argued), Jack L. Schoenhals, Salt Lake City, for plaintiff and appellee.

Before DAVIDSON, BILLINGS and GARFF, JJ.

GARFF, Judge:

Gem State Mutual of Utah (Gem State) appeals from a judgment rendered by the trial court in a non-jury trial. We note at the outset that the record does not contain a transcript of the proceedings. We affirm in part and reverse in part.

A brief overview of the facts shows that, in December of 1983, Horton sustained serious injuries in an automobile accident which ultimately resulted in debilitating, chronic pain. Horton later took a teaching position at a violin-making school owned by Peter Paul Prier.

Prier contracted with Gem State for a group health insurance policy for his employees, in which Horton enrolled on November 1, 1984. Because Horton suffered chronic pain from his injuries, he entered the Pain Clinic at the University of Utah Medical Center on February 16, 1986. Although Gem State pre-authorized treatment, it later refused to pay the medical bills, asserting that Horton was not actually employed by Prier, and subsequently cancelled Horton's coverage. Even though Horton's condition was substantially improved by treatment at the Pain Clinic, he subsequently experienced a relapse in his condition which he attributed to Gem State's failure to pay his medical bills. Horton sued for breach of contract and breach of implied covenant of good faith and fair dealing. The trial court found in favor of Horton and awarded $11,754 for medical expenses, $15,000 for attorney fees, $5,000 as additional consequential damages, and $1,790 for taxable costs. The taxable costs included expert witness fees of $750 and transportation expenses of $996 for Dr. John Heil, and $50 for a jury fee. Horton, at oral argument, conceded that the witness fees were inappropriate.

Gem State argues that the trial court's findings of fact are based upon insufficient evidence and that there was no justification for the award of consequential damages.

In its finding number 14, the trial court attributed Horton's relapse in his physical condition to the cancellation of insurance coverage by Gem State, which caused additional medical expenses and "other conse-

quential damages," including attorney fees. In findings numbers 15 and 16, the court found that Gem State did not act reasonably in investigating, processing and paying Horton's claims, and that it breached both the express terms of the insurance contract and the implied covenant of good faith and fair dealing.

Gem State also asserts that there was no justification to award consequential damages because such damages must be contemplated by the parties and be ascertainable. In *Beck v. Farmers Ins. Exch.*, 701 P.2d 795 (Utah 1985), the Utah Supreme Court stated that damages for breach of contract include both general and consequential damages, consequential damages being defined as "those reasonably within the contemplation of, or reasonably foreseeable by, the parties at the time the contract was made." *Id.* at 801. The *Beck* court pointed out that an insured is often placed in a catastrophic position if claims are not paid within a reasonable period of time, that insurance is purchased not only to reimburse for losses but also to give peace of mind, and that, in unusual cases, even damages for mental anguish might be provable. *Id.* Gem State also argues that the $5,000 award was based upon sheer speculation and was without any supportive evidence.

■ Gem State has the burden of providing us with an adequate record to preserve its arguments for review, *Mark VII Fin. Consultants Corp. v. Smedley*, 792 P.2d 130, 134 (Utah Ct.App.1990); *Onyeabor v. Pro Roofing, Inc.*, 787 P.2d 525, 527 (Utah Ct.App.1990); Utah R.App.P. 11(e)(2), and must also marshal all the evidence that supports the findings and demonstrate that, despite this evidence, the findings are so lacking in support as to be "against the clear weight of the evidence" and, thus, clearly erroneous. *In re Estate of Bartell*, 776 P.2d 885, 886 (Utah 1989).

■ Because Gem State has failed to provide us with a transcript of the proceedings, we are unable to review the evidence and, thus, are unable to ascertain whether the trial court's findings were based upon sufficient evidence. Absent the trial transcript, appellant's claim of error is "merely an unsupported, unilateral allegation which we cannot resolve." *Mark VII Fin. Consultants Co.*, 792 P.2d at 134. Without all the relevant evidence bearing on the issues raised on appeal, as required by Utah R.App.P. 11(e)(2), "we can only presume that the judgment was supported by sufficient evidence." *State v. Nine Thousand One Hundred Ninety–Nine Dollars*, 791 P.2d 213, 217 (Utah Ct.App.1990). However, even aside from not including the transcript in the record, Gem State still failed to meet its obligation to marshal the evidence by persistently arguing its own position without regard for the evidence supporting the trial court's findings, and failing to demonstrate that the findings were against the clear weight of the evidence and, thus, clearly erroneous.

We, therefore, must accept the trial court's factual findings as valid and affirm the trial court's judgment with respect to Horton's medical expenses, consequential damages, and attorney fees. However, because Horton has abandoned his request for expert witness fees and expenses, and because the matter was tried to the court and not to a jury, we reverse the trial court's award of taxable costs and reduce the judgment in the amount of $1,796.

DAVIDSON and BILLINGS, JJ., concur.