2011 UT App 178

**OREM CITY, Plaintiff and Appellee,**

v.

**Deborah J. WEST, Defendant and Appellant.**

No. 20101014–CA.

Court of Appeals of Utah.

June 3, 2011.

Deborah J. West, Orem, Appellant Pro Se.

Before Judges DAVIS, ORME, and ROTH.

DECISION

PER CURIAM:

¶ 1 Defendant Deborah J. West appeals her convictions following a jury trial for assault, a class B misdemeanor, and providing false information to a law enforcement officer or public official, a class C misdemeanor. This case is before the court on a sua sponte motion for summary disposition.

¶ 2 West provided a partial transcript of the trial, which contains only the arguments and ruling on the State's motion in limine and the closing arguments. Thus, the transcript includes none of the evidence presented at the jury trial. West also provides transcripts of the sentencing hearing and two post-judgment review hearings.

¶ 3 West raises the following issues on appeal. First, she asserts that there was insufficient evidence to support the jury's verdict. Second, she claims a "conflict of interest" existed between her and the Orem City prosecutor assigned to her case that required the prosecutor to "step aside and allow another Orem City Prosecutor to take over." Third, West claims prosecutorial misconduct occurred throughout the case.

¶ 4 "On appeal, we review the evidence and reasonable inferences in the light most favorable to the jury's verdict." *State v. Sherard*, 818 P.2d 554, 557 (Utah Ct.App.1991). "To reverse a jury verdict, we must find that the evidence to support the verdict was completely lacking or was so slight and unconvincing as to make the verdict plainly unreasonable and unjust." *State v. Tucker*, 2004 UT App 217, ¶ 20, 96 P.3d 368 (internal citation and quotation marks omitted). "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion." Utah R.App. P. 11(e)(2). It was West's responsibility to provide a transcript of the trial in support of her insufficiency of the evidence claim. *See id.* ("Neither the court nor the appellee is obligated to correct appellant's deficiencies in providing the relevant portions of the transcript."). In the absence of an adequate record, this court cannot address a challenge to the sufficiency of the evidence and will presume that the judgment was supported by sufficient evidence. *See Horton v. Gem State Mut.*, 794 P.2d 847, 849 (Utah Ct.App.1990); *see also Sampson v. Richins*, 770 P.2d 998, 1002 (Utah Ct.App.1989) ("Where the record before us is incomplete, we are unable to review the evidence as a whole and must therefore presume that the verdict was supported by admissible and complete evidence."). Accordingly, we do not consider West's claim of insufficiency of the evidence and presume that the jury's verdict is supported by sufficient admissible evidence.

¶ 5 The claim that there was a conflict of interest between the prosecutor and West that would have required the prosecutor to withdraw is without merit. West believed that nothing in her previous criminal record would be admissible in a jury trial and insisted that the prosecutor and her appointed counsel misstated the law in advising her otherwise. Nothing in the record before us indicates that any evidence of West's prior convictions was admitted *at trial* under rule 404(b) of the Utah Rules of Evidence.[1] How-

---

1. The *sentencing* transcript indicates that West's criminal history included prior convictions for

ever, West claims that she was prevented from testifying on her own behalf in order to avoid being questioned on her criminal history. West fails to demonstrate any legal or factual basis for her claim that the prosecutor misstated the relevant law or was required to withdraw from representing Orem City for any other reason.

¶ 6 West claims that prosecutorial misconduct occurred throughout the case, but she fails to demonstrate that she raised timely objections at trial to any alleged instances of prosecutorial misconduct. Accordingly, those claims are not preserved for appeal. In a related claim, West argues that the prosecutor engaged in a vendetta against her and falsely accused her of stalking and threatening him. The latter claim is based upon statements made by the prosecutor in a post-judgment review hearing and therefore did not impact either the convictions or sentences. In relevant part, the prosecutor informed the district court judge of statements that West made to him immediately after the sentencing hearing and also reported that after a pretrial conference, West had waited in the parking lot "and had pulled her car up behind my car and screamed obscenities at me until she left." The prosecutor's report resulted in an appropriate admonition to West not to involve herself in conduct that could possibly result in additional criminal charges. West has not demonstrated any basis for her contention that she is entitled to a reversal of the judgment based upon prosecutorial misconduct.

¶ 7 Accordingly, we affirm.

<hr/>

assault and providing false information to a police officer-the same charges involved in the present case.