IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Reperex, Inc.; Brad Ball; and David Ball, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiffs and Appellants, | ) | Case No. 20110760-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| May's Custom Tile, Inc.; May's Granite, | ) | (October 12, 2012) |
| LC; and Steven L. May, | ) | |
| | ) | 2012 UT App 287 |
| Defendants and Appellees. | ) | |

-----

Third District, Salt Lake Department, 090910461
The Honorable Joseph C. Fratto Jr.

Attorneys:     J. Spencer Ball, Salt Lake City, for Appellants
               Jack W. Reed and Joanne M. Jorgensen, Salt Lake City, for Appellees

-----

Before Judges Orme, Roth, and Christiansen.

CHRISTIANSEN, Judge:

¶1     This matter is before the court on Reperex, Inc., Brad Ball, and David Ball's (collectively, Reperex) interlocutory appeal from the trial court's denial of Reperex's motion to amend, motion for enlargement of time, and motion to compel, along with the trial court's decision to grant May's Custom Tile, Inc., May's Granite, LC, and Steven L. May's (collectively, May) motions to quash.  We affirm.

¶2     In August 2008, Reperex entered into a written agreement with May for the purchase of May's Custom Tile, a tile installation business located in Salt Lake City, Utah.  Under the agreement, Reperex also contracted for the lease of employees from

May's Granite, a separate business operating in the same facility as May's Custom Tile. Less than one year after executing the agreement, Reperex filed a lawsuit against May claiming, inter alia, breach of contract, conversion, and fraud. In its complaint, Reperex asserted that

> [May] failed to deliver the assets of the business consisting of the goodwill of the business, sufficient to generate the business income, which goodwill [May] represented was valued at $840,800.00, based upon the books and records which were shown to [Reperex] prior to purchase, and for which [Reperex] paid the same . . . .

In response, May filed a counterclaim alleging breach of contract and unjust enrichment.

¶3    On September 25, 2009, Reperex presented May with its first set of interrogatories, requests for admission, and request for production of documents. Unsatisfied with May's responses, Reperex filed a motion to compel seeking, among other things, accounting information from May's Custom Tile and May's Granite from 2007 to the present. After a hearing, the trial court issued an order denying Reperex's motion in part and granting it in part, by requiring May to provide a supplemental answer to one of Reperex's interrogatories.[1]

¶4    Thereafter, Reperex served May with a second set of interrogatories and request for production of documents. Again dissatisfied with May's responses, Reperex filed a second motion to compel. In support of the motion, Reperex argued that the business records of May's Custom Tile and May's Granite "contain[ed] financial information indispensable" to their claims against May. The trial court issued an order denying the second motion to compel, concluding that Reperex's requests were "overly broad and unduly burdensome."

---

[1]The trial court specifically ordered May to supplement its answer to Reperex's Interrogatory Number 9, which requested May to "[s]et forth in detail all amounts owing for all invoices or other charges for materials, supplies, services or other things raised in your [indemnification counterclaim] and your letters and identify all invoices and documents which relate in any way to the same . . . ."

¶5    In November 2010, Reperex filed a third motion to compel seeking financial information from May's Custom Tile and May's Granite company books.  In an order dated March 14, 2011, the trial court granted Reperex's motion and required May to provide "copies of the Quickbooks Data files of both May's Custom Tile and May's Granite companies from January 1, 2007 through July, 2010" along with "Steven L. May's complete personal Federal Income Tax Returns together with all schedules and K-1 forms for the most recent three years."

¶6    Reperex received the Quickbooks data and income tax returns "during the first part of April, 2011."  After review of the information, Reperex issued several subpoenas, which May immediately moved to quash.[2]  On May 31, 2011, Reperex served May with a fourth request for production of documents seeking additional Quickbooks data, company reports, and invoices.  May objected to Reperex's fourth document request, arguing that the time period within which to conduct fact discovery had ended.  In response, Reperex filed a fourth motion to compel.

¶7    On June 13, 2011, Reperex filed a motion for enlargement of the fact discovery period.  Reperex argued that based upon the parties' stipulation, fact discovery remained open and that, after "diligent review" of the Quickbooks data, Reperex required additional time to issue subpoenas and add new parties to the litigation.[3]  On

---

[2]Reperex filed a document subpoena on May's lender, Bank of Utah; a subpoena duces tecum on May's accountant, J. Russton Bradshaw; and notices of deposition on May's former employees, Jason Johns and Kristy Larson.

[3]A related issue raised on appeal by Reperex involves the interpretation of the parties' stipulation that fact discovery would close three months after the trial court ruled on Reperex's third motion to compel.  Specifically, Reperex argues that under the terms of the stipulation, discovery was to close on June 15, 2011, three months after the trial court signed its written order on the motion to compel, as opposed to, as May argues, May 1, 2011, three months after the trial court issued its oral ruling on the motion.  For the reasons stated herein, however, we are unable to reach the merits of this issue.

June 27, 2011, Reperex filed a motion to amend its complaint, seeking to add four additional defendants to the litigation.[4]

¶8    On August 15, 2011, the trial court held a hearing on Reperex's fourth motion to compel, motion to amend, and motion for enlargement of time, and on May's motions to quash Reperex's subpoenas.  The court's minute entry indicates that, at the conclusion of the parties' arguments, the trial court orally denied Reperex's motions, granted May's motions, and requested that May's counsel prepare a final order.  On August 24, 2011, the trial court signed its final order (the August 24 Final Order).  The August 24 Final Order contains no findings of fact, conclusions of law, or any indication as to the basis for the trial court's ruling.  Instead, it lists each pending motion and states whether the motion was "granted" or "denied."  Consistent with the court's oral ruling, the August 24 Final Order reflects the court's denial of Reperex's motion to amend, motion for enlargement of fact discovery, and motion to compel, and the grant of May's motions to quash.

¶9    One day after the trial court signed its August 24 Final Order, Reperex filed a new and separate action (the separate action), naming as defendants the four individuals for whom the trial court denied Reperex's request for amendment in the original action.[5]

---

[4]Specifically, Reperex sought to add Bradshaw; the accounting firm of Child, Van Wagoner & Bradshaw PLLC; Coldwell Banker Commercial; and real estate agent, Duane Bush as party defendants.

[5]Several months after filing their petition for interlocutory appeal, Reperex filed a motion seeking to consolidate the separate action with the original action.  The judge assigned to preside over the separate action denied Reperex's motion to consolidate.  Now, in addition to challenging the trial court's denial of its motion to amend filed in the original action, Reperex also requests that "in lieu of a [m]otion to [a]mend, . . . . [the appellate court issue] an Order to consolidate [the separate lawsuit] into this case."  By so requesting, Reperex attempts to convert its motion for amendment, currently on appeal, into a motion for consolidation.  Any such substitution of motions is procedurally improper for numerous reasons, including the fact that the motion to consolidate was filed in the separate action, assigned to a different trial court judge, and filed *after* Reperex was granted permission to pursue an interlocutory appeal in the original action.

¶10    On August 31, 2011, Reperex filed a petition for interlocutory appeal, appealing the trial court's August 24 Final Order.  As part of its appeal, Reperex filed a document entitled "Certificate That Transcript Is Not Required" affirmatively stating that it would not request a transcript of the trial court's August 15, 2011 hearing and ruling from the bench as part of its record on appeal.

¶11    Although Reperex identifies several issues for review, its claims primarily fall into two main categories.  First, Reperex argues that the trial court erred in denying its request for additional time to conduct further discovery.  Second, Reperex argues that the trial court erred in denying its motion to amend the complaint to add four additional defendants.  We review Reperex's claims of error for abuse of discretion and will reverse only if the trial court's "decision exceeds the limits of reasonability." *See Turville v. J & J Props., LC,* 2006 UT App 305, ¶ 23, 145 P.3d 1146 (citation and internal quotation marks omitted) (applying an abuse of discretion standard to the trial court's denial of a motion to amend); *see also Dahl v. Harrison*, 2011 UT App 389, ¶ 11, 265 P.3d 139 (applying an abuse of discretion standard to the trial court's denial of additional time for discovery), *cert. denied*, 275 P.3d 1019 (Utah 2012).

¶12    Rule 11 of the Utah Rules of Appellate Procedure addresses the "composition of the record on appeal" and requires the appellant to include "[t]he original papers and exhibits filed in the trial court, including the presentence report in criminal matters, *the transcript of the proceedings*, if any, the index prepared by the clerk of the trial court, and the docket sheet."  *Id.* R. 11(a) (emphasis added).  Specifically,

> [i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by or contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion.  Neither the court nor the appellee is obligated to correct appellant's deficiencies in providing the relevant portions of the transcript.

*Id.* R. 11(e)(2); *see also id.* R. 11(g) (providing that if there is no transcript, if the transcript is unavailable, or if a party cannot afford a copy of the transcript, "the appellant may prepare a statement of the evidence or proceedings from the best available means, including recollection").  Accordingly, this court's "'power of review is strictly limited to the record presented on appeal,'" *see Gorostieta v. Parkinson*, 2000 UT 99, ¶ 16, 17 P.3d

1110 (quoting *Van Cott v. Wall*, 178 P. 42, 48 (Utah 1918)), and the burden is on Reperex, as appellant, to provide the court with an adequate record to review, *see* Utah R. Civ. P. R. 11(e)(2).  Because Reperex fails to provide this court with an adequate record on appeal, we are unable to review the adequacy of the trial court's findings or the ultimate decisions denying Reperex's motions.[6]

¶13    In general,

> When a [party] predicates error to this Court, he has the duty and responsibility of supporting such allegation by an adequate record.  Absent [reference to] that record, [the party's] assignment of error stands as a unilateral allegation which the review[ing] court has no power to determine.  This Court simply cannot rule on a question which depends for its existence upon alleged facts unsupported by the record.

*State v. Linden*, 761 P.2d 1386, 1388 (Utah 1988) (citation and internal quotation marks omitted).  Here, for reasons unknown, Reperex filed a "Certificate That Transcript Not Required," thus affirmatively choosing to not provide this court with a transcript of the August 15, 2011 hearing related to the trial court's August 24 Final Order.  Moreover, neither the trial court's minute entry nor the August 24 Final Order provide any

---

[6]In Utah, trial courts are afforded broad discretion when ruling on discovery motions.  *See Welsh v. Hospital Corp. of Utah,* 2010 UT App 171, ¶ 9, 235 P.3d 791 ("Trial courts have broad discretion in managing the cases assigned to their courts.").  Similarly, trial courts are afforded broad discretion when ruling on motions to amend.  *See Kelly v. Hard Money Funding, Inc.*, 2004 UT App 44, ¶ 41, 87 P.3d 734 ("The logic behind this discretion is sound.  Trial courts are in a much better position than appellate courts to make such case-specific determinations as whether too much time has passed to fairly allow an amendment, whether a party's delay is the result of an unfair tactic or dilatory motive, or whether some other unforseen factor militates for or against a particular result in that particular case.").  Given the broad discretion that trial courts have in managing their dockets, we cannot review the merits of the trial court's rulings without a clear explanation of what factors and facts it found determinative in ruling on Reperex's motions.

information as to the basis for the court's rulings.  Absent additional information, Reperex is "fatally handicapped in asserting [the] trial court['s] abuse of discretion" because we have no basis or rationale for the trial court's decision.  *See State v. Prichett*, 2003 UT 24, ¶ 13, 69 P.3d 1278 (holding that, absent a record, the court could not review the trial court's overruling of defense counsel's objections).  Without such information, we are left only with Reperex's "unsupported, unilateral allegation[s] which we cannot resolve."  *See Horton v. Gem State Mut. of Utah*, 794 P.2d 847, 849 (Utah Ct. App. 1990) (citation and internal quotation marks omitted).

¶14     When, as here, we are presented with an inadequate record on appeal, we are unable to "evaluate the actions of the trial court, and we therefore presume the regularity of the proceedings."  *See Prichett*, 2003 UT 24, ¶ 14.  Accordingly, we conclude that the trial court did not abuse its discretion and affirm the trial court's rulings.

_____
Michele M. Christiansen, Judge

-----

¶15     WE CONCUR:

_____
Gregory K. Orme, Judge

_____
Stephen L. Roth, Judge