2018 UT App 39

# THE UTAH COURT OF APPEALS

OKECHUKWU AJINWO,
Appellant,
*v.*
CLAUDIA CHILESHE,
Appellee.

Opinion
No. 20170051-CA
Filed March 15, 2018

Fourth District Court, Provo Department
The Honorable Samuel D. McVey
No. 144402649

Christopher D. Greenwood, Attorney for Appellant

Matthew R. Howell, Attorney for Appellee

JUDGE DIANA HAGEN authored this Opinion, in which JUDGES
KATE A. TOOMEY and DAVID N. MORTENSEN concurred.

HAGEN, Judge:

¶1     Appellant Okechukwu Ajinwo appeals the district court's
dismissal of his amended petition for paternity and custody. On
December 21, 2016, counsel for both parties appeared before the
district court on an order to show cause.[1] According to the
district court's minute entry, both attorneys addressed the status
of the case. Following this discussion, the court dismissed the
amended petition without prejudice. On appeal, Ajinwo claims
that the district court sua sponte dismissed his petition without
providing him with a meaningful opportunity to be heard and

---

1. The notice of order to show cause and the order to show cause
appear to have been issued sua sponte by the court and do not
state what it expected counsel to show.

without explaining its justification for the ruling, thereby violating Ajinwo's constitutionally protected rights of parental care, due process, and access to the courts. For the reasons that follow, we affirm.

¶2 We cannot review the merits of Ajinwo's claims without a record of what occurred at the order to show cause hearing. Ajinwo has failed in his burden to provide that record. As the appellant alleging error, Ajinwo "has the duty and responsibility of supporting such allegation by an adequate record." *See Reperex, Inc. v. May's Custom Tile, Inc.*, 2012 UT App 287, ¶ 13, 292 P.3d 694 (citation and internal quotation marks omitted). Under rule 11(e)(2) of the Utah Rules of Appellate Procedure, "the appellant shall include in the record a transcript of all evidence relevant" to any finding or conclusion that the appellant intends to challenge on appeal. "Neither the court nor the appellee is obligated to correct appellant's deficiencies in providing the relevant portions of the transcript." Utah R. App. P. 11(e)(2).

¶3 Although Ajinwo timely requested a transcript of the hearing on the order to show cause, the "transcript" filed in the district court stated only that the hearing was not recorded. After learning that no recording of the hearing was available, Ajinwo did not initiate the procedure available under rule 11(g) of the Utah Rules of Appellate Procedure to reconstruct the record. *See* Utah R. App. P. 11(g) (allowing an appellant to prepare a statement of the proceedings to be included in the record if "a transcript is unavailable"). Instead, when the appellee moved to supplement the record pursuant to rule 11(g), Ajinwo opposed the motion.[2] Fully aware that no transcript of

---

2. Recognizing that the mechanism to supplement the record under rule 11(g) is available to an appellant, not an appellee, this Court denied the motion because "Appellee has not

(continued…)

the hearing was available and that rule 11(g) provided him with a mechanism to remedy that deficiency, Ajinwo instead chose to rely on the record as it currently exists.

¶4     That record is insufficient for us to review Ajinwo's claims of error. Where, as here, we are presented with an inadequate record on appeal, we are "unable to 'evaluate the actions of the trial court, and we therefore presume the regularity of the proceedings.'" *Reperex*, 2012 UT App 287, ¶ 14 (quoting *State v. Pritchett*, 2003 UT 24, ¶ 14, 69 P.3d 1278). Because Ajinwo has refused to use rule 11(g) to supplement the record with a statement reconstructing the order to show cause hearing, we presume that the district court's dismissal was proper.

¶5     The judgment of the district court is affirmed.

————————

(…continued)
demonstrated that she is entitled to an order requiring Appellant to utilize the remedy available to him under rule 11(g)."